THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRAVIS L. DIEU, Defendant-Appellant.

Fourth District   No. 4—97—0329

Opinion filed July 31, 1998.

Daniel D. Yuhas and John M. McCarthy, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In January 1996, defendant, Travis L. Dieu, pleaded guilty to burglary (720 ILCS 5/19—1 (West 1994)). In February 1996, he was sentenced to 48 months' probation, including 60 days of periodic imprisonment in the Vermilion County work-release program. In November 1996, the court revoked defendant's probation, and in February 1997, he was sentenced to 62 months in prison with credit for 121 days served. Defendant appeals, arguing the trial court erred in determining his credit for time served. We agree and remand for issuance of a corrected order of judgment and sentence.

I. BACKGROUND

On October 5, 1995, defendant was arrested for residential burglary (720 ILCS 5/19—3(a) (West 1994)). He remained in the county jail until he posted bond on December 1, 1995—a period of 56 days. In January 1997, defendant pleaded guilty to burglary (720 ILCS 5/19—1 (West 1994)) in exchange for the State agreeing to dismiss four misdemeanor cases already pending against him. He also agreed to make restitution owed to the victims of his crimes.

In February 1996, the trial court sentenced defendant to 48 months' probation. His probation was contingent upon numerous conditions, including (1) paying restitution totaling $1,864, (2) paying

court costs totaling $213, (3) abstaining from alcohol and illicit drugs, (4) taking random drug tests, (5) complying with curfew conditions, and (6) serving 60 days' periodic imprisonment in a work-release program. In March 1996, defendant began serving his term of periodic imprisonment.

On September 18, 1996, defendant was arrested for violating his probation. The State filed a petition to revoke his probation, alleging he (1) used cocaine once, (2) used cannabis on three separate occasions, and (3) failed to abide by his curfew conditions. He remained in jail until he posted bond on November 21, 1996—a period of 65 days.

In November 1996, the trial court conducted a hearing on the State's petition and defendant admitted violating his probation. At the February 1997 sentencing hearing, the court heard evidence in aggravation and mitigation of defendant's conduct. The court sentenced defendant to 62 months' imprisonment with the Illinois Department of Corrections and credited him with 121 days already served. The court did not consult with defense counsel before determining defendant's sentence credit.

Thereafter, defendant filed a motion to withdraw his admission and reconsider his sentence. Defendant alleged he did not understand the consequences of his admission and his sentence was excessive. The motion did not challenge the court's determination of his credit for time served. In March 1997, the court denied defendant's motion and this appeal followed.

## II. ANALYSIS

On appeal, defendant asserts the court erred by failing to credit him with the 60 days of periodic imprisonment he served prior to his probation violation. See *People v. Scheib*, 76 Ill. 2d 244, 252, 390 N.E.2d 872, 875-76 (1979). Further, he contends his appeal has not been forfeited because he did not participate in the determination of his sentence credit or agree to the State's calculation of his credit. However, if the issue has been forfeited, defendant argues his counsel provided ineffective assistance, resulting in substantial prejudice. See *Strickland v. Washington*, 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692-93, 104 S. Ct. 2052, 2063-64 (1984).

The State argues defendant is challenging the correctness of his sentence; therefore, this issue should have been included in his post-trial motion. See 730 ILCS 5/5—8—1(c) (West 1994). By failing to raise this issue before the trial court, the State argues defendant forfeited his right to appeal. See *People v. Reed*, 177 Ill. 2d 389, 390, 686 N.E.2d 584, 584 (1997). Additionally, the State asserts defendant was not afforded ineffective assistance of counsel nor was defense counsel's failure to raise this issue plain error.

■ Initially, we note this court previously held a defendant forfeits his or her right to appeal the court's sentence credit determination when (1) the record clearly indicates the court consulted with defense counsel regarding the credit defendant was due for time served, and (2) defendant failed to raise the issue in a postsentencing motion. See *People v. Moore*, 289 Ill. App. 3d 357, 363, 681 N.E.2d 1089, 1093 (1997); *People v. Gwartney*, 289 Ill. App. 3d 350, 356, 683 N.E.2d 497, 501 (1997). In both cases, this court found defendants' acquiescence to the trial court's sentence credit calculation precluded them from challenging the court's determination on appeal. However, the supreme court partially vacated those decisions, ordering this court to grant the defendants additional days of sentence credit. See *People v. Moore*, 175 Ill. 2d 545, 688 N.E.2d 308 (1997) (nonprecedential supervisory order); *People v. Gwartney*, 175 Ill. 2d 539, 688 N.E.2d 308 (1997) (nonprecedential supervisory order). Consequently, we examine this issue anew.

In this case, we find the State's reliance on *Reed* misplaced. The defendants in *Reed* argued their sentences were excessive. However, they failed to submit posttrial motions pursuant to section 5—8—1(c) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—1(c) (West 1994)) to the trial court before appealing the court's sentencing decision. Section 5—8—1(c) of the Unified Code provides: "[a] defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence." 730 ILCS 5/5—8—1(c) (West 1994). The supreme court held section 5—8—1(c) of the Unified Code requires defendants to file a written postsentencing motion in the trial court to preserve sentencing issues for appellate review. Thus, the defendants forfeited their right to appeal the court's decision. *Reed*, 177 Ill. 2d at 390, 686 N.E.2d at 584.

However, defendant is not simply challenging the correctness of his sentence or an aspect of the sentencing hearing. Rather, defendant appeals the trial court's determination of his statutory right to credit for time served. When a statutory right is clearly mandatory, a defendant's failure to raise the issue to the trial court will not forfeit his or her right to raise the issue on appeal, so long as raising the issue to the trial court is not a statutory precondition. *People v. Woodard*, 175 Ill. 2d 435, 456-57, 677 N.E.2d 935, 945 (1997).

In *Woodard*, the supreme court addressed whether a defendant forfeits his or her right to receive a $5 credit under section 110—14 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110—14 (West 1994)) after failing to raise the issue before the trial court. Section 110—14 of the Procedure Code provides: "[a]ny person incarcerated on a bailable offense *** *shall* be allowed a credit of $5

for each day so incarcerated." (Emphasis added.) 725 ILCS 5/110—14 (West 1994). The supreme court held a defendant's statutory right to a *per diem* credit is conferred in mandatory terms; thus, normal waiver rules do not apply and the right is cognizable on appeal. *Woodard*, 175 Ill. 2d at 457, 677 N.E.2d at 945-46.

Section 5—8—7(b) of the Unified Code provides:
"(b) The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed, at the rate specified in Section 3—6—3 of this Code." 730 ILCS 5/5—8—7(b) (West 1994).
Whether a statutory provision is interpreted as mandatory or discretionary depends upon the legislature's intent. Generally, the word "shall" indicates a mandatory intent; however, this rule is not absolute. *People v. Porter*, 122 Ill. 2d 64, 82, 521 N.E.2d 1158, 1165 (1988); *Woodard*, 175 Ill. 2d at 445, 677 N.E.2d at 940. The court also considers the statute's purpose when determining the legislature's intent. *Faheem-El v. Klincar*, 123 Ill. 2d 291, 298, 527 N.E.2d 307, 310 (1988). Nothing should be inferred from the statute's language beyond its literal meaning. *People v. Shinkle*, 128 Ill. 2d 480, 486, 539 N.E.2d 1238, 1241 (1989).

■ The language of section 5—8—7(b) of the Unified Code mandates defendants receive credit for time served. The statute's purpose is to ensure defendants are never subject to more jail time for a particular offense than they could have received for the offense in the first instance. See *Scheib*, 76 Ill. 2d at 252, 390 N.E.2d at 875. Further, the statute does not require defendants to request their credit as a statutory precondition. 730 ILCS 5/5—8—7(b) (West 1996). Thus, in this case, defendant's statutory right to receive credit for time served is mandatory and forfeiture rules do not apply. See *Woodard*, 175 Ill. 2d at 457, 677 N.E.2d at 945-46; see 134 Ill. 2d R. 615(a). To the extent that this court's decision in *People v. Moore*, 295 Ill. App. 3d 676, 686, 694 N.E.2d 184, 190 (1998), differs on this point, we overrule it this day.

■ Therefore, based on the supreme court's holding in *Woodard*, 175 Ill. 2d at 457, 677 N.E.2d at 945-46, we conclude defendant's right to appeal the court's sentence credit determination is not forfeited by his failure to call the error to the trial court's attention. "[P]roper trial-court practice at the time of sentencing would include taking a few additional minutes to discuss credit-time computation with the prosecutor, defense counsel, and defendant." *People v. Donnelly*, 226 Ill. App. 3d 771, 779, 589 N.E.2d 975, 980 (1992). "Both the State's Attorney and defense counsel have an obligation to assist the court,

and *both* are obligated to make sure the defendant receives neither more nor less than the time credit to which he is entitled." (Emphasis in original.) *People v. Curtis*, 233 Ill. App. 3d 416, 420, 599 N.E.2d 101, 103 (1992).

Defendant was jailed from October 5, 1995, to December 1, 1995, a period of 56 days, and from September 18, 1996, to November 21, 1996, a period of 65 days. Also, he completed 60 days of periodic imprisonment prior to violating his parole. All of defendant's time in jail resulted from the same criminal conviction. Thus, defendant was entitled to 181 days' credit for time served. See 730 ILCS 5/5—8—7(b) (West 1996); *Scheib*, 76 Ill. 2d at 252, 390 N.E.2d at 875-76. This case is remanded for issuance of a corrected judgment and sentencing order granting defendant 181 days' credit for time served.

In light of our resolution of the sentence credit issue, we need not determine whether defendant was afforded ineffective assistance of counsel or his defense counsel's failure to raise this issue in a posttrial motion amounted to plain error.

## III. CONCLUSION

For the reasons stated, the trial court's judgment is remanded with directions.

Remanded with directions.

GARMAN, P.J., and McCULLOUGH, J., concur.