(No. 91053.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL MAYO, Appellee.

*Opinion filed January 25, 2002.*

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Kenneth T. McCurry and Susan M. Caraher, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Erin Stone, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

After a trial held in the circuit court of Cook County,

a jury found defendant, Michael Mayo, guilty of two counts of aggravated criminal sexual assault. 720 ILCS 5/12—14(a)(2) (West 1998). Defendant received a sentence of two consecutive eight-year terms. On appeal, the appellate court reversed the convictions, holding that the State violated the speedy-trial provisions of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—5 (West 1998)). No. 1—99—2034 (unpublished order under Supreme Court Rule 23). We granted the State's petition for leave to appeal. 177 Ill. 2d R. 315(a). We reverse and remand.

## BACKGROUND

Defendant was arrested on February 3, 1998, and subsequently charged with two counts of aggravated criminal sexual assault and two counts of criminal sexual assault. After defendant's arrest, he remained in custody and was never released on bond. On March 11, 1998, the trial court appointed a public defender to represent defendant. The public defender entered a not-guilty plea on defendant's behalf.

On July 1, 1998, defendant, through his public defender, expressed his wish to demand trial and proceed *pro se*. After admonishing defendant of his rights, warning him of the perils of self-representation, and asking defendant a few general questions, the trial court allowed the public defender to withdraw and continued the case to July 9, 1998, on defendant's motion so that defendant could answer the State's discovery motion.

On July 9, 1998, defendant appeared in court without an answer to the State's discovery motion. Defendant stated that he needed some help and told the court and public defender that he could not represent himself. Based upon this representation, the trial court reappointed the public defender.

After a few status dates, defendant appeared in court on November 30, 1998, with a different public defender.

Defendant told the court that he wanted trial to be set. The public defender responded that if defendant wanted to demand trial, he could try the case himself. The trial court asked defendant if he wanted to represent himself or have an attorney. Defendant stated that he wanted an attorney. However, after some discussion between the public defender and State's Attorney as to a continuance date of December 21, 1998, defendant interjected and the following exchange occurred:

"[Defendant]: I would like to take back my—I'm ready at this time. I don't need her [public defender] help. She is not helping me.

[Public Defender]: I just got on the case. I'd like the record to reflect I got on the case two weeks ago and spoken to his wife.

[The Court]: Be back on December 21st. If you still want to represent yourself we'll go back at that time and you'll go to trial by yourself. I don't suggest it because I think it's—

[Defendant]: The only reason I suggested that this woman talked to my wife, she gave the impression that she is not working on my behalf. She told my wife she already finds no reason to be here. What is she doing for me if she is telling my wife that she shouldn't be here on my behalf?

[Public Defender]: I didn't tell her that.

[Defendant]: Ask my wife right there.

[Public Defender]: I don't want to get in the middle of this. If you want to get a private attorney or do this yourself you can.

[Assistant State's Attorney]: That's by agreement?

[Public Defender]: Yes."

Defendant appeared in court on December 21, 1998, with a different public defender than the one he had on November 30, 1998. Defendant informed the court that he wanted to go to trial and represent himself. The trial court did not dismiss the public defender. The court stated that it was going to hold the case over until December 23, 1998, so that defendant could discuss representing himself with the public defender that

represented him on November 30, 1998, and that if he continued in his wish to represent himself at that time, he could do so then. Defendant again stated that he had made his decision and that he wanted to represent himself. The trial court still held the matter over until December 23, 1998. The State's Attorney asked if defendant was going to answer its discovery motion to which the trial court responded, "he will or he's not calling any witnesses."

On December 23, 1998, defendant again demanded trial, stating his wish to represent himself, and that he had no additional witnesses to present. The trial court asked defendant if he remembered his admonishments from the other day and defendant responded that he did. The trial court then dismissed the public defender and defendant thereafter proceeded *pro se.*

On February 18, 1999, defendant moved to dismiss the charges on speedy-trial grounds. The court denied the motion on March 29, 1999.

On April 12, 1999, the court granted the State's dismissal of the two counts of criminal sexual assault and the trial commenced. The jury found defendant guilty of two counts of aggravated criminal sexual assault. The court sentenced defendant to eight years' imprisonment for each count of aggravated criminal sexual assault, to run consecutively.

The court denied defendant's post-trial motion for a new trial. On appeal, defendant argued that his convictions should be reversed because the "speedy trial act was violated, that he was denied a fair trial, that the jury heard inadmissable testimony, and that the mandatory consecutive sentencing provision of Section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1998)) violates his right to due process and trial by jury." No. 1—99—2034 (unpublished order under Supreme Court Rule 23). The appellate court reversed

defendant's convictions, finding that the speedy-trial act was violated when the trial court abused its discretion by attributing a 21-day delay to defendant. We granted the State's petition for leave to appeal and we now reverse and remand.

## ANALYSIS

It is well known in Illinois that a defendant possesses both constitutional and statutory rights to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; 725 ILCS 5/103—5(a) (West 1998). Although these provisions address similar concerns, "the rights established by each are not necessarily coextensive." *People v. Hall*, 194 Ill. 2d 305, 326 (2000) (citing *People v. Kliner*, 185 Ill. 2d 81, 114 (1998); and *People v. Jones*, 104 Ill. 2d 268, 286 (1984)). In the instant case, defendant only asserts a violation of his statutory right to a speedy trial. As mentioned above, the appellate court reversed defendant's conviction based solely on its finding that defendant's statutory right to a speedy trial was violated; therefore, this is the only issue on appeal.[1] To decide this, we must first consider whether a period of 21 days is attributable to the State or to defendant. On appeal, "a trial court's determination as to whether a delay is attributable to the defendant is entitled to much deference and should be sustained absent a clear showing that the trial court abused its discretion." *Hall*, 194 Ill. 2d at 327; *People v. Bowman*, 138 Ill. 2d 131, 137 (1990).

---

[1]At this time, we note that the common law record does not contain a written post-trial motion specifically arguing the speedy-trial violation. Therefore, we normally would consider this issue to be waived. *People v. Kuntu*, 196 Ill. 2d 105, 134-35 (2001); *People v. Williams*, 299 Ill. App. 3d 143, 146-47 (1998). However, the State does not argue before this court that defendant has waived this issue. Accordingly, we now deem the State to have waived any objection to our consideration of the merits of this issue. *Kuntu*, 196 Ill. 2d at 135.

The speedy-trial statute specifically provides:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***." 725 ILCS 5/103—5(a) (West 1998).

When a defendant is not released on bail and remains in custody, the 120-day statutory period begins to run automatically from the day the defendant is taken into custody and no formal demand for trial is required. *People v. Cooksey*, 309 Ill. App. 3d 839, 843 (1999). A defendant not tried within the statutory period shall be discharged from custody and have the charges dismissed. 725 ILCS 5/103—5(d), 114—1(a)(1) (West 1998); *Hall*, 194 Ill. 2d at 327; *Bowman*, 138 Ill. 2d at 137. The duty is upon the State to bring the defendant to trial within the statutory period. *People v. Turner*, 128 Ill. 2d 540, 550 (1989); *Jones*, 104 Ill. 2d at 274. "The statute is to be liberally construed, with each case being decided on its own facts." *Jones*, 104 Ill. 2d at 273-74. In reviewing a speedy-trial claim, examination of both the transcript of proceedings and the common law record is necessary to do justice to both the State and the defendant. *People v. Sojack*, 273 Ill. App. 3d 579, 582-83 (1995).

In the instant case, the State contends that the speedy-trial act was not violated because defendant was brought to trial within the 120-day statutory period. Defendant argues that the speedy-trial act was violated when 120 days, not attributable to him, elapsed before he went to trial. On appeal, the record reflects, and both parties agree, that 114 days are attributable to the State.

The key time period about which the parties disagree as to whom the delay should be attributed is the period from November 30, 1998, to December 21, 1998. In deciding defendant's motion to dismiss based on speedy-trial grounds, the trial court implicitly determined that this delay was attributable to defendant. However, on appeal,

the appellate court found that the trial court abused its discretion by attributing this time to defendant because defendant clearly indicated that he wished to proceed to trial and represent himself. The State argues that this period of time should be attributed to defendant because his attorney agreed to the continuance and defendant did not clearly and unequivocally discharge his attorney so that the continuance would not be attributable to him. On the other hand, defendant, relying on *People v. Burton*, 184 Ill. 2d 1 (1998), argues that he did indeed clearly and unequivocally discharge his attorney, demand trial, and the delay should be attributed to the State.

Each delay must be reviewed individually and attributed to the party who causes it. *Sojack*, 273 Ill. App. 3d at 582. A delay is occasioned by the defendant when the defendant's acts caused or contributed to the delay. *Hall*, 194 Ill. 2d at 326. "Any period of delay found to be occasioned by the defendant tolls the applicable statutory period." *Hall*, 194 Ill. 2d at 327. When a defense attorney requests a continuance on behalf of a defendant, any delay caused by that continuance will be attributed to the defendant. *Hall*, 194 Ill. 2d at 328; *Bowman*, 138 Ill. 2d at 141-42. However, a defendant cannot be bound by his attorney's actions when he clearly and convincingly attempted to assert his right to discharge his attorney and proceed to an immediate trial. *People v. Pearson*, 88 Ill. 2d 210, 215 (1981).

In the present case, the record is clear that defendant's attorney requested and agreed to a continuance on November 30, 1998. Therefore, we turn our consideration to whether the trial court abused its discretion by attributing the delay to defendant after he stated: "I would like to take back my—I'm ready at this time. I don't need her [public defender] help. She is not helping me."

Initially, we note that *People v. Burton*, 184 Ill. 2d 1

(1998), did not consider a speedy-trial violation. The defendant in *Burton* argued that he was denied his right to proceed *pro se* during sentencing; thus, there was no argument about his right to a speedy trial or that it had been violated. *Burton*, 184 Ill. 2d at 20. Therefore, we will use *Burton* only as a reference to a defendant's right to proceed *pro se* and discharge existing counsel.

*Burton* states that a waiver of counsel must be clear and unequivocal. *Burton*, 184 Ill. 2d at 21. The purpose of requiring that a criminal defendant make an "unequivocal" request to waive counsel is to: (1) prevent the defendant from appealing the denial of his right to self-representation or the denial of his right to counsel, and (2) prevent the defendant from manipulating or abusing the system by going back and forth between his request for counsel and his wish to proceed *pro se*. *Williams v. Bartlett*, 44 F.3d 95, 100-01 (2d Cir. 1994). Furthermore, "[c]ourts must 'indulge in every reasonable presumption against waiver' of the right to counsel." *Burton*, 184 Ill. 2d at 23, quoting *Brewer v. Williams*, 430 U.S. 387, 404, 51 L. Ed. 2d 424, 440, 97 S. Ct. 1232, 1242 (1977). To determine "whether a defendant's statement is clear and unequivocal, courts have looked at the overall context of the proceedings." *Burton*, 184 Ill. 2d at 22.

In the instant case, the State argues that the appellate court ignored defendant's actions on July 1, 1998, when he dismissed his attorney, and then on July 9, 1998, when he requested to have the public defender reappointed. In addition, on November 30, 1998, the trial court explicitly asked defendant whether he wanted an attorney and defendant responded that he did. It was only after some discussion between defendant's public defender and the State's Attorney as to a continuance date that defendant interjected and seemed to have changed his mind about having an attorney. It was at this point that the trial court exercised its discretion by

giving a short continuance to allow defendant time to think about his decision to represent himself. Defendant's November 30, 1998, statements, coupled with the fact that a few months prior defendant requested that the public defender be reappointed after representing himself for only one week, reveals equivocation on defendant's part regarding his desire to proceed *pro se*. The record demonstrates that the trial court made a reasonable presumption against defendant's desire to waive counsel and not grant his request to proceed *pro se* until it was sufficiently satisfied that those were in fact defendant's wishes. Accordingly, the delay was properly attributed to defendant, and we find no clear abuse of discretion by the trial court in attributing this delay to defendant.

Defendant relies on this court's statement that to "determin[e] whether a defendant seeks to relinquish counsel, courts may look at the defendant's conduct following the defendant's request to represent himself." *Burton*, 184 Ill. 2d at 23-24. Defendant contends that his November 30, 1998, attempt to discharge his attorney was clear and unequivocal because he continued with his request to represent himself and demanded trial when he returned to court on December 21, 1998, and again on December 23, 1998, and did in fact proceed *pro se* throughout his trial and sentencing. However, in light of defendant's previous equivocation and contradictory statements on November 30, 1998, it cannot be said that the court abused its discretion by finding defendant had not clearly and unequivocally discharged his attorney on November 30, 1998.

Defendant further argues that his case is similar to *Pearson* in that he clearly and unequivocally told the trial court that he wanted to represent himself and proceed to trial. In *Pearson*, this court concluded that although the defendant's counsel agreed to certain continuances, these continuances were nevertheless not attrib-

utable to the defendant "where the defendant objects to his attorney's request for or acquiescence in a continuance by employing such terms as 'I'm ready for trial,' 'Forget the motion,' and 'you are not my attorney *** I'm ready for trial.' " *Pearson*, 88 Ill. 2d at 215. Defendant asserts that his statements—"I would like to take back my—I'm ready at this time. I don't need her [public defender] help. She is not helping me"—reflect the same clarity as the ones in *Pearson* and therefore, any continuances thereafter granted are not properly attributed to him. We find *Pearson* distinguishable from the case at bar. In *Pearson*, the defendant did not clearly state that he wished to have an attorney and then express a wish to represent himself. *Pearson*, 88 Ill. 2d 210. Nor did the defendant represent himself on a prior occasion and then request to have counsel reappointed. *Pearson*, 88 Ill. 2d 210. However, in this case, defendant indicated that he wanted to discharge his attorney only minutes after he *explicitly* stated he wanted an attorney. This change of thought, coupled with defendant's prior equivocation, caused enough uncertainty on the part of the trial court to continue the matter for a short time so that the court could be sure of how defendant wanted to proceed. Thus, we find no clear abuse of discretion by the trial court in attributing this delay to defendant.

## CONCLUSION

Based on the above, the trial court did not abuse its discretion when it attributed a 21-day delay to defendant. Thus, the speedy-trial act was not violated. For the foregoing reasons, we reverse the judgment of the appellate court. Because the appellate court reversed defendant's convictions on speedy-trial grounds, it did not address additional issues raised by the defendant in his appeal. Therefore, the cause is remanded to the appellate court for further consideration.

*Reversed and remanded.*