THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN ROBERSON, Defendant-Appellant.

Second District   No. 2—01—0702

Opinion filed April 4, 2003.—Rehearing denied April 24, 2003.

HUTCHINSON, P.J., dissenting.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Brian Roberson, was convicted of violating his bail bond (720 ILCS 5/32—10(a) (West 2000)), and he was sentenced to four years' imprisonment with credit for three days served. On appeal, defendant argues that he should receive an additional 267 days of credit. We affirm.

On September 4, 1999, defendant was arrested for burglary (720 ILCS 5/19—1(a) (West 2000)), and on September 6, 1999, he posted bond. At defendant's arraignment, defendant asked for a continuance, and the court continued the matter until October 25, 1999. In setting this date, the court explained to defendant that he must appear in court on that date or the court would issue a no-bond warrant for defendant's arrest. Defendant indicated that he understood the court's warning.

On October 25, 1999, defendant failed to appear in court, and the court issued a warrant for defendant's arrest. On April 23, 2000, defendant was arrested on the warrant in California. Defendant was extradited to Illinois, and on January 11, 2001, he was indicted for violating the terms of his bail bond. On January 14, 2001, defendant posted bond on the burglary charge. A few days later, on January 16, 2001, defendant was taken into custody on the violation-of-bail-bond charge, and on January 18, 2001, defendant was issued a recognizance bond for the violation-of-bail-bond charge.

On March 6, 2001, defendant again was indicted for his bail bond

violation, which occurred on October 25, 1999. Following a bench trial, defendant was convicted of violating his bail bond, the State nol-prossed the burglary charge, and defendant was sentenced. Defendant subsequently filed a posttrial motion, arguing, among other things, that he was entitled to the 267 days he served in custody on the burglary offense, *i.e.*, from April 23, 2000, to January 14, 2001. The trial court denied the motion, and this timely appeal followed.

Defendant argues that pursuant to section 5—8—7(c) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—7(c) (West 2000)), he should receive credit against his violation-of-bail-bond sentence for the time he served in custody awaiting a trial on the dismissed burglary charge. The State argues that defendant is not entitled to this credit because the two offenses, burglary and violation of the bail bond, are two separate offenses. We agree with the State.

Section 5—8—7(c) of the Code provides as follows:

"An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to [the offender's] arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence." 730 ILCS 5/5—8—7(c) (West 2000).

When interpreting a statute, this court must ascertain and give effect to the legislature's intent, which is best determined after examining the language used in the statute. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). The words used in the statute should be given their plain and ordinary meaning, and when the language in the statute is unambiguous, this court must apply the statute without resorting to any aids of construction. *Robinson*, 172 Ill. 2d at 457. Because interpreting a statute presents a question of law, our review is *de novo. Robinson*, 172 Ill. 2d at 457.

This case hinges on the proper characterization of the April 23, 2000, arrest of defendant in California. If the April 23, 2000, arrest was an arrest for the burglary charge, section 5—8—7(c) would clearly apply. However, the April 23, 2000, arrest was not for the charge of burglary. As of April 23, 2000, defendant had already been indicted for that burglary and arrested on that charge on September 4, 1999. Rather, the bench warrant commanding defendant's arrest, served on April 23, 2000, was for failure to appear and was issued pursuant to section 110—3 of the Code of Criminal Procedure of 1963. 725 ILCS 5/110—3 (West 1998) (issuance of arrest warrant on failure to comply with condition of bail bond or recognizance). The bench warrant clearly commanded the arrest of defendant for "FAILURE TO APPEAR" and included the citation "725 ILCS 5/110—3" directly below

these words. As a result, the conduct for which defendant was prosecuted (failing to appear in court on October 25, 1999) did not occur prior to defendant's September 4, 1999, arrest for burglary. Therefore, we find that section 5—8—7(c) does not apply to this case.

Moreover, if the bench warrant on which defendant was arrested on April 23, 2000, were characterized as a second arrest for burglary or a re-arrest on the burglary charge, the warrant would have been invalid. Our supreme court has stated:

> "Common sense dictates that issuing a second arrest warrant on identical charges after a defendant has been arrested and released on bond produces a warrant that is invalid *ab initio*. To hold otherwise would provide police with a 'pocket warrant' that could be executed at any time and place, despite the fact that the target is already subject to the jurisdiction of a court for the crime charged. In addition, such a practice undermines a citizen's constitutional right to bail." *People v. Turnage*, 162 Ill. 2d 299, 305-06 (1994).

Finally, granting defendant credit would not further the general intent of section 5—8—7(c). The legislature added that section because it sought to prevent the State from dropping an initial charge, with the intent of charging the defendant with another crime, in order to deny the defendant credit for the time spent in jail on the first charge. *People v. Townsend*, 209 Ill. App. 3d 987, 990 (1991). Here, there is no evidence of manipulation or technical evasion by the State. The State did not substitute charges based upon conduct that occurred prior to his arrest thereby depriving defendant of credit for jail time. Instead, it was defendant's act of failing to appear in court that resulted in the prosecution for violation of bail bond. The statute is clear that, in order to receive credit for time spent in custody on one charge, an offender must be prosecuted for conduct that occurred prior to the arrest. Because defendant was first arrested for burglary but then prosecuted for violation of bail bond, the language of the statute does not provide credit for time served on the burglary charge. Accordingly, we affirm the trial court's denial of defendant's posttrial motion requesting credit for time served while awaiting trial on the burglary charge. For these reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

KAPALA, J., concurs.

PRESIDING JUSTICE HUTCHINSON, dissenting:

I respectfully dissent. I believe there is evidence of manipulation or technical evasion by the State, and I believe defendant is entitled to receive credit for the time he spent in custody on the burglary charge.

In September 1999 defendant was arrested and charged with committing the offense of burglary (720 ILCS 5/19—1(a) (West 1998)), to which he posted a bail bond. On October 25, 1999, defendant failed to appear in court, and the trial court thereafter issued a warrant for defendant's arrest pursuant to section 110—3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—3 (West 1998)). Section 110—3 provides:

> "Upon failure to comply with any condition of a bail bond *** the court having jurisdiction at the time of such failure may, in addition to any other action provided by law, issue a warrant for the arrest of the person at liberty on bail ***. The contents of such a warrant shall be the same as required for an arrest warrant issued upon complaint. When a defendant is at liberty on bail *** on a felony charge and fails to appear in court as directed, the court shall issue a warrant for the arrest of such person. Such warrant shall be noted with a directive to peace officers to arrest the person and hold such person without bail and to deliver such person before the court for further proceedings." 725 ILCS 5/110—3 (West 2000).

The warrant authorizing defendant's arrest clearly states that the original violation was that of burglary. Because the offense of burglary is a felony (see 720 ILCS 5/19—1(b) (West 2000)), the trial court was required to issue a warrant for defendant's arrest when he failed to appear in court on October 25, 1999. See 725 ILCS 5/110—3 (West 2000).

The bench warrant to arrest is merely a procedural tool by which law enforcement personnel may lawfully seize and detain a defendant until such time as she or he is brought back to the jurisdiction to face prosecution on the underlying offense. See 725 ILCS 5/107—1 et seq. (West 2000); People v. Hayes, 139 Ill. 2d 89, 127 (1990), overruled on other grounds, People v. Tisdel, 201 Ill. 2d 210 (2002). The issuance of an arrest warrant does not, in and of itself, formally charge a defendant with a crime. People v. Racanelli, 132 Ill. App. 3d 124, 130 (1985).

In the present case, the offense or violation underlying the issuance of the bench warrant to arrest was burglary. The October 25, 1999, warrant for defendant's arrest was predicated on his failure to appear in court on the burglary charge. The October 25, 1999, warrant did not formally charge defendant with committing a crime; it was merely a procedural tool the trial court was statutorily required

to utilize to effect defendant's return so that he could face prosecution on the burglary. Indeed, the warrant for defendant's arrest was effected on April 23, 2000, when law enforcement personnel in California gained custody of defendant. I believe the April 23, 2000, arrest merely relates back to the original charge of burglary and I believe that section 5—8—7(c) of the Unified Code of Corrections applies.

The Unified Code of Corrections mandates that a defendant receive credit for time served. 730 ILCS 5/5—8—7 (West 2000). Forfeiture rules do not apply. *People v. Dieu*, 298 Ill. App. 3d 245, 249 (1998). This court has previously stated that a defendant is entitled to receive credit against each sentence imposed for an offense for which the defendant was in custody when simultaneously in custody for more than one offense. *People v. Wyatt*, 305 Ill. App. 3d 291, 299 (1999), citing *People v. Robinson*, 172 Ill. 2d 452, 454 (1996).

I recognize that the State did not formally charge defendant with violating his bail bond until January 16, 2001; however, defendant was chargeable with that offense as early as October 25, 1999, when he failed to appear in court. I believe the State manipulated defendant's liberty when it allowed him to remain in custody for approximately eight months without bail before charging him with violating his bail bond. Clearly, had the State charged defendant with violating his bail bond when the arrest warrant was effected in California, he would have been in simultaneous custody on both the burglary and the violation-of-bail-bond offenses. Then there would have been no question whether defendant was entitled to the credit for time spent in custody. See *Wyatt*, 305 Ill. App. 3d at 299. For the State to wait until the eleventh hour to formally charge defendant with violating his bail bond and then for the trial court and this court to forfeit his eight months spent in custody ostensibly for the offense of "failure to appear" is patently unfair. The result is that defendant's four-year sentence is now four years and eight months.

I would modify defendant's sentence to reflect an extra 267 days' credit for time served.