No. 2--02--0273

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT 

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, )

)

v. ) No. 01--CF--2322

)

MIGUEL A. HERNANDEZ, )

) Honorable

) Robert J. Anderson,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE HUTCHINSON delivered the opinion of the court:

Following a bench trial, defendant, Miguel A. Hernandez, was convicted of violating his bail bond (720 ILCS 5/32--10(a) (West 2000)).  The trial court sentenced defendant to 3½ years' imprisonment with credit for 176 days in pretrial custody.  On appeal, defendant contends that (1) he was denied the effective assistance of counsel as a result of his counsel's failure to file a written speedy-trial demand, and (2) the trial court erred when it refused to grant him an additional 122 days of credit for time spent in pretrial custody.  We affirm as modified.

On July 31, 1998, defendant was indicted for the offense of aggravated criminal sexual abuse (720 ILCS 5/12--16(d) (West 1998)).  On January 14, 1999, after his arrest, he was granted bail.  On March 16, 1999, defendant failed to appear in court, and the trial court revoked his bond.  The trial court issued a bench warrant pursuant to section 110--3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/110--3 (West 1998)).  The warrant authorizing defendant's arrest indicates that the "original violation" was that of aggravated criminal sexual abuse.  On April 20, 1999, defendant's bail was forfeited.

The warrant for defendant's arrest was effected on April 14, 2001, when law enforcement personnel gained custody of defendant.  Thereafter, defendant remained in custody.

On August 14, 2001, the State dismissed the aggravated criminal sexual abuse charge against defendant.  However, also on August 14, 2001, the State charged defendant by complaint with committing the offense of violation of bail bond (720 ILCS 5/32--10(a) (West 2000)).  The complaint alleged that defendant, "on or about the 20th day of April, 1999, *** committed the offense of Violation of Bail Bond in that *** defendant":

"was admitted to bail *** in case 98 CF 1343 [the aggravated criminal sexual abuse charge] for appearance in a court of Du Page County and he subsequently incurred a forfeiture of his bail on March 16, 1999 and has willfully failed to surrender himself within thirty (30) days following the date of such forfeiture."

On September 6, 2001, a grand jury indicted defendant for violation of bail bond.  On September 10, 2001, defense counsel filed a motion to dismiss the violation-of-bail-bond charge pursuant to the speedy-trial provisions contained in section 103--5 of the Code (725 ILCS 5/103--5 (West 2000)).  In his motion, defense counsel argued that 150 days had passed since defendant was taken into custody on April 14, 2001, and therefore, defendant's right to a speedy trial on the bail bond charge had been violated.  Following a hearing on September 18, 2001, the trial court denied defendant's motion to dismiss.  Also on September 18, defendant filed a written demand for a speedy trial.

On October 30, 2001, prior to trial, defense counsel renewed his motion to dismiss based upon a violation of the speedy-trial statute, which the trial court denied.  The case proceeded to a bench trial, after which defendant was found guilty of violation of bail bond.  On January 14, 2002, the trial court commenced a sentencing hearing, where defense counsel requested that defendant be credited for time served from the date when his arrest warrant was effectuated.  The trial court ruled that it would give sentencing credit only from the date the charge was filed, August 14, 2001, and not for any time served before that date.  Following a hearing in aggravation and mitigation, the trial court sentenced defendant to three years and six months' imprisonment, with 176 days of credit for time served.  The trial court denied defendant's postsentencing motion, and defendant timely appeals.

Initially, we must resolve defendant's open motion for leave to file a supplemental brief.  On January 22, 2003, defendant filed his initial brief in this matter.  On February 19, 2003, we allowed the State's motion for an extension of time to file its brief and extended its due date to May 28, 2003.  On May 7, 2003, however, defendant moved for leave to file a supplemental brief, which we allowed on May 9, 2003.  Thereafter, on May 13, 2003, the State moved to vacate our order and requested our consideration of its response to defendant's motion; we allowed the State's motion to vacate.  In its response to defendant's motion for leave to file a supplemental brief, the State objected and moved this court to strike defendant's second contention of error, which concerned defendant's request for additional credit for time served.  Alternatively, the State asked this court allow its filing of a supplemental brief in response to defendant's supplemental brief.  On May 30, 2003, we allowed the State's alternative request to file a supplemental brief, which the State did on June 11, 2003.

In his supplemental brief, defendant contends that (1) he was denied the effective assistance of counsel for his counsel's failure to file a written speedy-trial demand when he was taken into custody on April 14, 2001, and (2) the trial court erred when it refused to grant him an additional 122 days of credit for time spent in pretrial custody from April 14, 2001, to August 14, 2001.  In the State's responsive supplemental brief, the State first requests this court to deny defendant's motion for leave to file a supplemental brief, which remains outstanding.  The State secondly requests that we consider defendant's contentions waived because he failed to raise them in his initial brief.  As we have already allowed the State's alternative request to file a supplemental brief in response to defendant's supplemental brief, and because defendant requested leave to file a supplemental brief prior to the State's submission of its original brief, we see no compelling reason to deny defendant full appellate review of his case.  Moreover, the goals of obtaining a just result and maintaining a sound body of precedent override the administrative convenience of waiver the State is advocating here.  See 
People v. Bailey
, 159 Ill. 2d 498, 506 (1994).   Accordingly, we allow defendant's May 7, 2003, motion for leave to file a supplemental brief and deny the State's waiver requests.

For clarity of discussion, we will first address defendant's issue concerning custodial credit at sentencing.  Defendant contends that the trial court erred when it refused to grant him an additional 122 days of credit for time spent in custody from April 14, 2001, to August 14, 2001.  He asks that we grant the additional credit pursuant to either section 5--8--7(a) or (b) of the Unified Code of Corrections (the Corrections Code) (730 ILCS 5/5--8--7(a), (b) (West 2000)).  The State counters that defendant is not entitled to receive any additional credit and in support of its position cites  
People v. Roberson
, 337 Ill. App. 3d 685 (2003), 
appeal allowed
, No. 96159 (October 2, 2003).

In 
Roberson
, the defendant was arrested in September 1999 and charged with committing the offense of burglary (720 ILCS 5/19--1(a) (West 1998)), to which he posted a bail bond.  In October 1999 the defendant failed to appear in court, and the trial court issued a warrant for his arrest pursuant to section 110--3 of the Code (725 ILCS 5/110--3 (West 1998)).  The warrant authorizing the defendant's arrest stated that the original violation was that of burglary.  The warrant for the defendant's arrest was effected in April 2000.  Approximately eight months later the defendant was indicted for the offense of violation of bail bond (720 ILCS 5/32--10(a) (West 2000)).  At a bench trial, the trial court found the defendant guilty of violating his bail bond, and the State nol-prossed the burglary charge.  The trial court sentenced the defendant but refused to credit his sentence with the time served between his April 2000 arrest and his January 2001 indictment.  
Roberson
, 337 Ill. App. 3d at 686-87.

The defendant appealed, seeking the additional credit pursuant to section 5--8--7(c) of the Corrections Code, which provides:

 "An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to [the offender's] arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence."  730 ILCS 5/5--8--7(c) (West 2000).

The 
Roberson
 court characterized the April 2000 arrest as that for "failure to appear" and not for burglary.  It stated that, as a result, the conduct for which the defendant was prosecuted, failing to appear in court in October 1999, did not occur prior to his September 1999 arrest for burglary.  
Roberson
, 337 Ill. App. 3d at 688.  The majority explained:

"As of April 23, 2000, defendant had already been indicted for that burglary and arrested on that charge on September 4, 1999.  Rather, the bench warrant commanding defendant's arrest, served on April 23, 2000, was for failure to appear and was issued pursuant to section 110--3 of the Code of Criminal Procedure of 1963.  725 ILCS 5/110--3 (West 1998) (issuance of arrest warrant on failure to comply with condition of bail bond or recognizance).  The bench warrant clearly commanded the arrest of defendant for 'FAILURE TO APPEAR' and included the citation '725 ILCS 5/110--3' directly below these words.  As a result, the conduct for which defendant was prosecuted (failing to appear in court on October 25, 1999) did not occur prior to defendant's September 4, 1999, arrest for burglary."  
Roberson
, 337 Ill. App. 3d at 687-88.

In affirming, the majority concluded that section 5--8--7(c) did not apply to grant the defendant credit for the eight months that he served in custody.  
Roberson
, 337 Ill. App. 3d at 688.

The dissent in 
Roberson
, though, characterized the bench warrant as "a procedural tool by which law enforcement personnel may lawfully seize and detain a defendant until such time as she or he is brought back to the jurisdiction to face prosecution on the underlying offense."  
Roberson
, 337 Ill. App. 3d at 689 (Hutchinson, P.J., dissenting).  The dissent argued that, because the defendant was arrested for the burglary but later prosecuted on the bail bond violation, which occurred prior to the April 2000 arrest, section 5--8--7(c) of the Corrections Code applied, and the defendant should have received the additional credit.  
Roberson
, 337 Ill. App. 3d at 690 (Hutchinson, P.J., dissenting).

We have reviewed the analyses presented by the majority and dissent in 
Roberson
 and believe that the reasoning provided by the dissent is more sound.  Subsection (c) of section 5--8--7 provides for circumstances in which all confinement since arrest is credited against a defendant's sentence even if the original charge is dropped in favor of a new charge that results in conviction and imprisonment.  See 730 ILCS Ann. 5/5--8--7, Council Commentary, at 622 (Smith-Hurd 1996).  To deny a defendant credit for time served while in custody runs afoul of our legislature's specific intent of entitling an offender to sentence credit for 
all
 time served in confinement.  See 
People v. Townsend
, 209 Ill. App. 3d 987, 989 (1991).  Further, the general legislative intent is to prevent the State from depriving a defendant of credit for jail time through technical evasion.  
Townsend
, 209 Ill. App. 3d at 989, citing 
People v. Kane
, 136 Ill. App. 3d 1030 (1985).

In the present case, as noted above, defendant was indicted in July 1998 for the offense of aggravated criminal sexual abuse and later granted bail.  On March 16, 1999, defendant failed to appear in court, and the trial court revoked his bond.  Pursuant to section 110--3 of the Code (725 ILCS 5/110--3 (West 1998)) the trial court was required to issue a bench warrant because the underlying offense of aggravated criminal sexual abuse was a felony (see 720 ILCS 5/12--16(g) (West 2000)).  Section 110--3 of the Code states in relevant part:

"Upon failure to comply with any condition of a bail bond *** the court having jurisdiction at the time of such failure may, in addition to any other action provided by law, issue a warrant for the arrest of the person at liberty on bail ***.  The contents of such a warrant shall be the same as required for an arrest warrant issued upon complaint.  When a defendant is at liberty on bail *** on a felony charge and fails to appear in court as directed, the court shall issue a warrant for the arrest of such person.  Such warrant shall be noted with a directive to peace officers to arrest the person and hold such person without bail and to deliver such person before the court for further proceedings."  725 ILCS 5/110--3 (West 2000).

The warrant for defendant's arrest was effected on April 14, 2001, when law enforcement personnel gained custody of defendant.  Defendant remained in custody thereafter.

On August 14, 2001, the State dismissed the aggravated criminal sexual abuse charge against defendant.  However, also on August 14, 2001, the State charged defendant by complaint with committing the offense of violation of bail bond (720 ILCS 5/32--10(a) (West 2000)).  The complaint alleged that defendant, "on or about the 20th day of April, 1999":

"was admitted to bail *** in case 98 CF 1343 [the aggravated criminal sexual abuse charge] for appearance in a court of Du Page County and he subsequently incurred a forfeiture of his bail on March 16, 1999 and has willfully failed to surrender himself within thirty (30) days following the date of such forfeiture."

Thereafter, defendant remained in custody, and the trial court subsequently found defendant guilty of violating his bail bond.

The offense underlying the issuance of the bench warrant to arrest was aggravated criminal sexual abuse.  The March 16, 1999, warrant for defendant's arrest was predicated on his failure to appear in court on the sexual abuse charge.  The March 16, 1999, warrant did not formally charge defendant with committing a crime; it was merely a procedural tool that the trial court was statutorily required to utilize to effect defendant's return so that he could face prosecution on the sexual abuse charge.  Indeed, the warrant for defendant's arrest was effected on April 14, 2001, when law enforcement personnel gained custody of defendant.  The April 14, 2001, arrest related back to the original charge of aggravated criminal sexual abuse.  Because defendant was arrested for the charge of aggravated criminal sexual abuse but later prosecuted on the bail bond violation, which occurred prior to the April 2001 arrest, section 5--8--7(c) of the Corrections Code applies, and defendant should have received the additional credit.  See 
Roberson
, 337 Ill. App. 3d at 690 (Hutchinson, P.J., dissenting).

Moreover, the Corrections Code requires that a defendant receive credit for time served.  730 ILCS 5/5--8--7 (West 2002).  Forfeiture rules do not apply.  
People v. Dieu
, 298 Ill. App. 3d 245, 249 (1998).  Subsection (b) of section 5--8--7 provides that  a defendant "shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed."  730 ILCS 5/5--8--7(b) (West 2002).  Although the State did not formally charge defendant with violating his bail bond until August 14, 2001, the violation occurred as early as March 16, 1999, when he failed to appear in court, and he was chargeable at that time.  Indeed, the indictment charging defendant with the offense of violation of bail bond indicated that the violation occurred "on or about the 20th day of April, 1999."  Even if we were to follow the 
Roberson
 majority, and taking these dates into account, section 5--8--7(b) provides defendant with sentence credit because defendant's violation of bail bond offense occurred on April 20, 1999, he was taken into custody on April 14, 2001, and he was subsequently convicted of that offense.

We believe the State manipulated defendant's liberty when it allowed him to remain in custody for approximately four months without bail  before formally charging him with violating his bail bond.  Had the State initiated a formal charge against defendant for his April 20, 1999, violation of bail bond when the arrest warrant was effected on April 14, 2001, there would have been no question whether he would have been entitled to the credit for time spent in custody.  See 730 ILCS 5/5--8--7(b) (West 2002); 
People v. Wyatt
, 305 Ill. App. 3d 291, 299 (1999).  Instead, the State held defendant in custody for four months before formally charging him with violating his bail bond, and then the trial court denied him credit for time served for those four months.  These actions are contrary to our legislature's intent to afford a defendant sentence credit for all time served in confinement.  See 
Townsend
, 209 Ill. App. 3d at 989.  Accordingly, we hold that the trial court erred when it determined that section 5--8--7(c) did not apply to grant defendant credit for the additional 122 days that he served in custody.

The record in the present case reflects that defendant was not credited with the proper time that he spent in custody.  We find that defendant is entitled to an additional 122 days' credit.  Remand is unnecessary since this court has the authority to directly order the clerk of the circuit court to make the necessary corrections.  See 134 Ill. 2d R. 615(b)(1); 
People v. McCray
, 273 Ill. App. 3d 396, 403 (1995).  Accordingly, this court directs the clerk to enter a modified mittimus reflecting the additional 122 days of credit for time served between April 14, 2001, and August 14, 2001.

Defendant also contends that his counsel was ineffective by failing to make a written speedy-trial demand on April 14, 2001.  Defendant claims that Public Act 90--705 (Pub. Act 90--705, eff. January 1, 1999), which amended section 103--5(a) of the Code, "added the requirement that, to start the speedy-trial clock, defense counsel must make a speedy-trial demand."  He argues that, had trial counsel properly filed the demand on April 14 when he was taken into custody instead of on September 18, the State would have been obligated to try the bail bond violation charge by August 21.  Defendant concludes that, by the time defense counsel moved to discharge him on September 10, the trial court would have had no alternative but to release him and dismiss the charge.

Section 103--5(a) of the Code provides:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***.  Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record."  725 ILCS 5/103--5(a) (West 2002).

The standard for determining whether defense counsel was ineffective is well established.  A defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result of counsel's errors.  
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984); 
People v. Albanese
, 104 Ill. 2d 504, 525 (1984).  Ineffective assistance of counsel will be found when there is at least a reasonable probability that the defendant would have been discharged had a timely motion for a speedy trial been filed and there was no justification for the attorney's decision not to file a motion.  
People v. Staten
, 159 Ill. 2d 419, 431 (1994).

In the present case, defendant claims that the amended version of section 103--5(a) of the Code requires that a written demand for a speedy trial must be filed before the speedy-trial clock even commences.  In 
People v. Ladd
, 185 Ill. 2d 602, 613-14 (1999), our supreme court recognized that the legislature had modified the speedy-trial statute with its enactment of Public Act 90--705.  In 
People v. Mayo
, 198 Ill. 2d 530 (2002), our supreme court examined section 103--5(a) of the Code to determine whether the State had violated the speedy-trial provisions as they related to a defendant who was in custody.  In its analysis the 
Mayo
 court expressly stated, "When a defendant is not released on bail and remains in custody, the 120-day statutory period begins to run automatically from the day the defendant is taken into custody and no formal demand for trial is required."  
Mayo
, 198 Ill. 2d at 536, citing 
People v. Cooksey
, 309 Ill. App. 3d 839, 843 (1999).  In the present case, defendant's claim is entirely at odds with the statements of law expressed in 
Mayo
, and defendant distinguishes 
Mayo
 by noting in a parenthetical that the 
Mayo
 court cited the 1998 version of the statute.  Defendant's argument does not persuade this court that the 
Mayo
 court somehow overlooked its previous recognition of the amendment in the 
Ladd
 case or the current version of the statute, or that the 
Mayo
 court's statement of the law was incorrect.  Defendant has sought review only on the basis of his trial counsel's effectiveness for failing to file a written demand and not on the trial court's ruling on the motion to dismiss for a speedy-trial violation.

Although defendant's sole contention of ineffective assistance of counsel is based on a faulty premise, we nonetheless conclude that defendant has suffered no prejudice.  Defendant was in custody and charged on August 14, 2001, with the offense of violating his bail bond, and was tried on October 30, 2001, well within the 120-day period.

Defendant cites 
Roberson
 in support of his claim of prejudice.  Indeed, following the 
Roberson
 majority's characterization of events would have resulted in prejudice to defendant because he was not brought to trial within 120 days of being taken into custody on the "failure to appear" conduct.  See 
Roberson
, 337 Ill. App. 3d at 687-88.  The circumstances of the present case illustrate the illogicality and impracticality of 
Roberson
 and, therefore, another reason not to adopt it here.  Apparently the State's position, using 
Roberson
 as its authority, is that a defendant cannot receive pretrial custodial credit for an original offense but the speedy-trial clock does not begin on a subsequent offense until a defendant is charged.  If this is not a technical evasion then, at the very least, it is a subversion of legislative intent to grant a defendant credit for all time served in confinement.  See 
Townsend
, 209 Ill. App. 3d at 989.  Accordingly, for the reasons stated, we adhere to our original analysis of the speedy trial issue and conclude that defendant has suffered no prejudice.  Because no prejudice resulted, it cannot be said that defense counsel denied him effective assistance.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed as modified.

Affirmed as modified.

McLAREN, J., concurs.

JUSTICE CALLUM, specially concurring:

I agree with the majority's analysis as to section 5--8--7(b) and, therefore, agree we should credit the defendant with additional time served; however, I disagree with the majority's analysis of section 5--8--7(c) and believe that as to that section 
Roberson
 controls.  I analyze section 5--8--7(c) first.

Section 5--8--7(c) provides as follows: 

"An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to [the offender's] arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence."  730 ILCS 5/5--8--7(c) (West 2000).

 I believe section 5--8--7(c) is clear that, if an offender is arrested on one charge and then prosecuted on a different charge, to receive credit on the second charge for the entire time spent in custody, the conduct that resulted in the second charge must have occurred 
prior
 to the initial arrest.  In our case the conduct that resulted in the charge of violation of bail bond did not occur prior to the arrest for aggravated criminal sexual abuse.  Because defendant was first arrested for aggravated criminal sexual abuse but then prosecuted for violation of bail bond, the language of section 5--8--7(c) does not provide credit for time served on the aggravated criminal sexual abuse charge.

As I stated earlier, 
Roberson
 is directly on point and the 
Roberson
 majority's analysis of section 5--8--7(c), is sound.  In 
Roberson
 the defendant originally bonded out on a burglary charge and was later prosecuted for violation of bail bond.  The majority in 
Roberson
 held that section 5--8--7(c) did not provide credit for time served on the burglary charge.  Similarly, I don't believe section 5--8--7(c) provides for credit, in our case, on the aggravated criminal sexual abuse charge.

The majority in 
Roberson
, however, did not discuss subsection (b) of section 5--8--7.  The first mention of subsection (b) in that case occurs in Justice Hutchinson's dissent.  In our case I note that the State has not addressed--other than saying that the argument is waived--defendant's analysis of section 5--8--7(b).

Subsection (b) of section 5--8--7 provides that a defendant "shall be given credit *** for time spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5--8--7(b) (West 2000).  I agree with the majority in our case that, although the State did not formally charge defendant with violating his bail bond until August 14, 2001, the "offense" occurred in March 1999 and defendant was in custody on that offense once he was arrested on April 14, 2001 for jumping bail.  Accordingly, under subsection (b), I believe defendant is entitled to credit from April 14, 2001, and I agree the judgment of the circuit court of Du Page County should be modified to reflect that credit.

As a final matter, I disagree with the majority's comment that "the State manipulated defendant's liberty when it allowed him to remain in custody for approximately four months without bail before formally charging him with violating his bail bond." Slip op. at 9.  There is no evidence in this record that the State manipulated defendant's liberty; on the contrary, the record reflects that defendant was absent for over two years and after his arrest the State attempted to locate the victim in Mexico and to bring her back to testify, but it was unable to do so.  It was only then that the State charged defendant with the lower class felony of violating bail bond.