NO. 4-09-0829          Filed 9/10/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from |
|      Plaintiff-Appellee, | ) Circuit Court |
|      v. | ) Champaign County |
| CAMERON N. BELK, SR., | ) No. 06CF1573 |
|      Defendant-Appellant. | ) |
| | ) Honorable |
| | ) Thomas J. Difanis, |
| | ) Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

After a jury trial in August 2008, defendant, Cameron N. Belk, Sr., was found guilty of two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006)).  In September 2008, he was sentenced to 42 months in the Illinois Department of Corrections (DOC) on each count, to be served concurrently.  Fines and fees were ordered to be paid from posted cash bond.  Defendant filed a motion to revise sentence but also appealed his conviction and sentence.  This court dismissed defendant's appeal and remanded the case to the trial court for a resolution of the motion to revise sentence.  People v. Belk, No. 4-09-0090 (August 27, 2009) (unpublished order under Supreme Court Rule 23).  After a hearing on his motion, defendant was sentenced to three years in DOC on each count, to be served concurrently.  Defendant again appealed his conviction and sentence, claiming the trial court erred in requiring him to proceed to trial pro se without a waiver of counsel.  We affirm.

## I. BACKGROUND

On October 3, 2006, defendant was arraigned on two counts of aggravated criminal sexual abuse. On defendant's motion, the case was continued to October 11, 2006, for the appearance of counsel. On October 4, 2006, defendant posted $1,500 bond.

On October 6, 2006, privately retained counsel entered his appearance as defendant's counsel. After this, the case was continued 16 times, 8 times on defendant's motion, once on the State's motion and 7 times by agreement.

On April 23, 2008, defense counsel filed a motion to withdraw as counsel on the following grounds: (1) defendant did not want counsel to represent him; (2) defendant "wants to represent himself because he disagrees with the way counsel is presenting his case"; (3) there were "irreconcilable differences" between counsel and defendant; and (4) defendant had not kept "his commitments and obligations to the law firm." The motion was accompanied by defendant's signed consent to the withdrawal and his stated understanding "pursuant to Supreme Court Rule 13, I must obtain new counsel within 21 days and have that new attorney enter his/her appearance in these proceedings or I will be required to appear pro se, and represent myself."

The same day, the trial court asked defense counsel if defendant intended to hire new counsel and counsel replied he was uncertain. Defendant told counsel he wanted to represent himself the last time they had spoken. The court allowed the motion to

withdraw and continued the case to April 28, 2008, to see if defendant was going to retain new counsel or proceed pro se.

On April 28, 2008, the trial court told defendant he had three options: retain new counsel of his choice, have counsel appointed for him, if indigent, or represent himself. The court asked defendant if he was "going to be able to hire an attorney" and defendant said yes, he was seeking private counsel and had a meeting scheduled "this week" with Robert Campbell of Chicago. In response to the court's inquiry, defendant stated he should have an attorney hired "within the next week or so." The court continued the case to May 27, 2008.

On May 27, 2008, defendant informed the trial court he had hired Campbell. The State told the court the case was ready for trial and the court continued the case to June 16, 2008, for appearance of counsel and scheduling the trial.

A docket entry for June 16, 2008, states defendant appeared in court pro se, and on joint motion of the State and defendant, the case was continued for trial scheduling to June 20, 2008. The same day, defendant wrote the State and requested all discovery be forwarded to Campbell "so that he can review the case and give *** an accurate quote for his legal services."

Docket entries in the case show defendant appeared again pro se on June 20, 2008. On joint motion, the case was continued to June 23, 2008, for trial scheduling. On June 23, 2008, defendant appeared pro se and on joint motion the case was continued to June 24, 2008, for trial scheduling.

On June 24, 2008, defendant again appeared pro se and told the trial court he had not been able to hire Campbell yet because he was waiting on the money to do so, as he told court in previous appearances. Defendant stated if the court would not afford him the time to wait for money to hire private counsel, he would like the State to give him evidence and witness lists so he could prepare the case himself. The court offered to appoint the public defender, but defendant replied he wanted "good counsel" and that is why he and his family were trying to raise money for private counsel. The court responded public defenders are good lawyers and stated if defendant did not have the money to hire Campbell, then his choice was to represent himself or accept appointment of the public defender.

The State declared ready for trial. The trial court asked defendant when he would have the money for private counsel and defendant responded around July 20, 2008. The court set a trial date of July 21, 2008, whether defendant had private counsel or not and directed the State to provide all discovery to defendant. The court again offered to appoint the public defender, but defendant declined.

On July 15, 2008, defendant filed a pro se motion to continue for 60 days on the grounds he is "inexperienced and needs more than the 28 days allotted to prepare" his case. He claimed the State's discovery materials are different from those given his original counsel; original defense counsel had 18 months to prepare for trial; he was waiting on evidence he

subpoenaed from the Urbana police "today"; and he needed 60 more days to prepare "appropriately" to represent himself.

On July 21, 2008, the trial court addressed defendant's motion to continue prior to trial. The court noted three months prior, when defense counsel withdrew, defendant had the chance to obtain private counsel. During that three-month period the court repeatedly offered to appoint the public defender for defendant. Given the age of the case, the court stated it was not going to allow defendant 60 more days to hire private counsel. Defendant's choice was now acceptance of the appointment of the public defender or proceeding pro se. Defendant refused appointment of the public defender.

The trial court concluded there was no reason to believe after a continuance defendant would be able to hire an attorney. It was three months since defense counsel withdrew and a 60-day continuance would place the delay at five months and defendant still would not have a lawyer.

The trial court then gave defendant the required admonitions for waiver of counsel pursuant to Supreme Court Rule 401 (134 Ill. 2d R. 401). The court finished its admonitions and told defendant it would appoint counsel or defendant was going to go to trial. These were his choices. The court stated it was not going to allow defendant to continue to delay this case "over and over and over again. Ninety days has been more than enough time. If you can't hire a lawyer, then I'll appoint one to represent you." Defendant responded he wanted to hire a lawyer

but the court "won't give him enough time." Original defense counsel "had almost two years and, and you give me 90 days?" Defendant stated that was not fair. The court responded "we're going to trial."

Defendant represented himself at trial. In closing argument, defendant told the jury he was not representing himself out of arrogance or because he thought he could do it better than an attorney but it was by default. He could not afford to hire "another attorney." He was "faced with the daunting proposition of dealing with the public defender" and he did not want that because he did not think the public defender could represent him as well as he could because he knew the case better than anyone. Therefore, he took the opportunity to represent himself.

The jury convicted defendant and the trial court set sentencing for September 10, 2008.

On September 10, 2008, defendant filed a motion for a new trial. Among the arguments in the motion, defendant contended he received inadequate counsel. He made several allegations against original defense counsel but also argued he was forced to represent himself after he fired his attorney and was not allowed enough time to obtain a replacement attorney. Further, he had to select a jury with no prior knowledge or training. The trial court denied the motion and sentenced defendant.

This appeal followed.

## II. ANALYSIS

On appeal, defendant contends he did not waive his right to counsel despite representing himself at trial. He argues there is no verbatim record of his waiver of counsel, as required by Supreme Court Rule 401(b), because he "never actually waived his right to counsel" after the trial court gave him the complete Rule 401(a) admonitions.

As the facts are not in question, defendant contends the issue of whether he waived his right to counsel should be reviewed de novo. See In re R.A.B., 197 Ill. 2d 358, 362, 757 N.E.2d 887, 890 (2001) (reviewing de novo whether a respondent knowingly waived his right to a jury trial where the facts are not in question). However, the State contends in order to determine whether a defendant's waiver of his right to counsel was "clear and unequivocal," a trial court must consider the overall context of the proceedings. People v. Mayo, 198 Ill. 2d 530, 538, 764 N.E.2d 525, 530 (2002), quoting People v. Burton, 184 Ill. 2d 1, 22, 703 N.E.2d 49, 59 (1998). It is well established this determination is reviewed only for abuse of discretion. Mayo, 198 Ill. 2d at 539, 764 N.E.2d at 531; Burton, 184 Ill. 2d at 25, 703 N.E.2d at 60; People v. Dixon, 366 Ill. App. 3d 848, 852, 853 N.E.2d 1235, 1240 (2006), quoting People v. Hughes, 315 Ill. App. 3d 86, 91, 733 N.E.2d 705, 709 (2000). Under either standard, we conclude the judgment of the trial court should be affirmed.

The proper procedure for a trial court to follow when a

- 7 -

defendant seeks to waive counsel is to admonish him pursuant to Supreme Court Rule 401(a) and determine he understands (1) the nature of the charge, (2) the minimum and maximum sentences prescribed by law, and (3) the fact he has a right to counsel and counsel will be appointed for him by the court if he is indigent. 134 Ill. 2d R. 401(a). Defendant agrees the court correctly admonished him under Rule 401(a). However, he argues he never actually waived his right to counsel. He contends because there is no verbatim record of his waiver, as required by Rule 401(b), his convictions must be reversed, citing <u>People v. Herring</u>, 327 Ill. App. 3d 259, 262, 762 N.E.2d 1186, 1188 (2002).

In <u>Herring</u>, there was no transcript of proceedings, and, thus, no verbatim record of the defendant's waiver of counsel. In this case, we have a transcript, which indicates not only that the trial court appropriately admonished defendant but, by his own words and behavior, he waived his right to counsel.

The facts are undisputed. After defendant's original counsel was allowed to withdraw, the trial court repeatedly offered to appoint counsel for defendant if he could not afford to hire private counsel. Defendant repeatedly declined, stating he did not want the public defender appointed to represent him. The court repeatedly told defendant his choice was either the public defender or representing himself. Defendant still declined the appointment of counsel.

Defendant at one time led the trial court to believe he was hiring private counsel but then, <u>pro</u> <u>se</u>, requested several

continuances because he apparently did not have the money to hire counsel. He told the court he was attempting to obtain the money he needed and even suggested a date at which time he might have the necessary funds. However, the suggested date was three months after defense counsel had been allowed to withdraw.

Defendant had three months from the time counsel withdrew to the time his trial started. This was a reasonable time in which to obtain private counsel. Where a defendant who is financially able to engage counsel fails to do so in a reasonable amount of time, his failure to do so may be treated by the court as a waiver of the right to counsel. See People v. Williams, 92 Ill. 2d 109, 118, 440 N.E.2d 843, 847 (1982).

Further, on June 24, 2008, defendant asked, if he could not be afforded more time to acquire the necessary funds to obtain private counsel, the State provide him with discovery and witness lists so he could start preparing the case himself. He was given the discovery materials. On July 15, 2008, defendant filed a pro se motion for a continuance on the grounds he was "inexperienced" and needed more than 28 days to prepare the case for trial. While defendant never gave up on his argument he should have more time to get money together to hire private counsel, at that point it is clear he intended to represent himself and was preparing to do so. While defendant told the jury he was representing himself by default, he also told them he could represent himself better than counsel because he knew the case best. Also, defense counsel indicated when he moved to

- 9 -

withdraw, defendant told him he wanted to represent himself.

The trial court did not abuse its discretion in refusing to allow defendant more time to obtain private counsel. The case had been pending for 18 months at the time defense counsel withdrew and defendant had three months in which to obtain new counsel prior to the trial date. Nothing in the record indicates defendant's acquisition of the necessary funds was imminent when the court ordered the trial to begin. At that time, defendant was still asking for a 60-day continuance.

While defendant never used the words "I waive my right to counsel," his actions and words show waiver. He knew he could have counsel appointed but <u>chose</u> to represent himself. Given the context of the proceedings and the record, defendant clearly and unequivocally gave up his right to be represented by counsel.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of the appeal.

Affirmed.

POPE and McCULLOUGH, JJ., concur.