(No. 96159.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BRIAN ROBERSON, Appellant.

*Opinion filed October 28, 2004.*

G. Joseph Weller, Deputy Defender, and Jack Hilde-
brand, Assistant Defender, of the Office of the State Ap-
pellate Defender, of Elgin, for appellant.

Lisa Madigan, Attorney General, of Springfield, and
Joseph E. Birkett, State's Attorney, of Wheaton (Gary
Feinerman, Solicitor General, and Linda D. Woloshin and
Mary A. Fleming, Assistant Attorneys General, of
Chicago, of counsel), for the People.

JUSTICE KILBRIDE delivered the opinion of the
court:

Defendant, Brian Roberson, was convicted in the
circuit court of Du Page County and sentenced to four
years' incarceration for violating a bail bond (720 ILCS
5/32—10(a) (West 2000)). Following his conviction, he
filed a posttrial motion, arguing that he was entitled to

sentence credit for the time he was in custody awaiting trial on the underlying burglary charge that the State dismissed. The circuit court denied the motion, and defendant appealed. The appellate court affirmed. 337 Ill. App. 3d 685. We granted defendant leave to appeal (177 Ill. 2d R. 315) and now reverse.

## BACKGROUND

Defendant was arrested for burglary (720 ILCS 5/19—1(a) (West 2000)) and posted bond. Defendant failed to appear for a court date, and the court issued a warrant for his arrest. Approximately six months later, defendant was arrested on the warrant in California and extradited to Illinois. Approximately eight months later, defendant was indicted for violating the terms of his bail bond. He posted bond on the burglary charge and two days later he was taken into custody on the violation-of-bail-bond charge.

The case proceeded to a bench trial, where the State elected not to prosecute the burglary charge. Defendant was later convicted of violating his bail bond and sentenced to four years' imprisonment. Defendant subsequently filed a posttrial motion, arguing, among other things, that he was entitled to sentencing credit for the 267 days he served in custody on the burglary offense, representing most of the time he was incarcerated following his extradition from California and just prior to his second arrest. The trial court denied the motion, stating that defendant "was not in custody on the violation of [the] bail bond charge." Defendant appealed, arguing, *inter alia*, that pursuant to section 5—8—7(c) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—7(c) (West 2000)), he should receive credit against his violation-of-bail-bond sentence for the time he served in custody awaiting a trial on the dismissed burglary charge. Section 5—8—7 provides:

"(b) The offender shall be given credit *** for time spent

in custody as a result of the offense for which the sentence was imposed ***.

* * *

(c) An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to [the offender's] arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence." 730 ILCS 5/5—8—7(b), (c) (West 2000).

The appellate court affirmed, with Presiding Justice Hutchinson dissenting. The appellate majority reasoned as follows:

"This case hinges on the proper characterization of the April 23, 2000, arrest of defendant in California. If the *** arrest was an arrest for the burglary charge, section 5—8—7(c) would clearly apply. However, the *** arrest was not for the charge of burglary. As of April 23, 2000, defendant had already been indicted for that burglary and arrested on that charge on September 4, 1999. Rather, the bench warrant commanding defendant's arrest, served on April 23, 2000, was for failure to appear and was issued pursuant to section 110—3 of the Code of Criminal Procedure of 1963. [Citation.] The bench warrant clearly commanded the arrest of defendant for 'FAILURE TO APPEAR' and included *** citation [to the bail bond violation statute] ***. As a result, the conduct for which defendant was prosecuted (failing to appear in court on October 25, 1999) did not occur prior to defendant's September 4, 1999, arrest for burglary. Therefore, we find that section 5—8—7(c) does not apply to this case." 337 Ill. App. 3d at 687-88.

In dissent, Presiding Justice Hutchinson found there was evidence of manipulation by the State and that defendant was entitled to credit for time spent in custody. According to Justice Hutchinson, the warrant stated that the original violation was burglary. 337 Ill. App. 3d at 689 (Hutchinson, P.J., dissenting). Therefore, the California arrest related back to the original charge of burglary, and section 5—8—7(c) should apply. 337 Ill. App. 3d at 690 (Hutchinson, P.J., dissenting). Justice Hutchinson

further reasoned that the State manipulated defendant's liberty by allowing him to remain in custody for approximately eight months without bail before charging him with violation of his bond. 337 Ill. App. 3d at 690 (Hutchinson, P.J., dissenting).

Defendant sought leave to appeal, and this court allowed defendant's petition. 177 Ill. 2d R. 315. In the interim, defendant has finished serving his sentence and mandatory supervised release for his conviction. For this reason, the State moved to dismiss the appeal as moot. We ordered that motion taken with the case, and for the reasons that follow, we deny it.

## ANALYSIS

As a threshold matter, we observe that this case is moot, as argued by the State, because defendant has been released from custody. *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003) (an appeal is moot when it presents no actual controversy or when the issues no longer exist). The mootness doctrine stems from the fear that parties to a resolved dispute will lack the personal stake in the outcome of the controversy sufficient to assure the adversarial relationship, " ' "which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult *** questions." ' " *In re A Minor*, 127 Ill. 2d 247, 255 (1989), quoting *People ex rel. Black v. Dukes*, 96 Ill. 2d 273, 276-77 (1983), quoting *Baker v. Carr*, 369 U.S. 186, 204, 7 L. Ed. 2d 663, 678, 82 S. Ct. 691, 703 (1962). A case is moot if the issues involved in the trial court have ceased to exist because intervening events have made it impossible for the reviewing court to grant effectual relief to the complaining party. *In re A Minor*, 127 Ill. 2d at 255. In this case, we are unable to render any sort of effectual relief to defendant because he has served his sentence and completed his mandatory supervised release.

Notwithstanding the general rule, a reviewing court

may, however, review an otherwise moot issue pursuant to the public interest exception to the mootness doctrine. *In re Mary Ann P.*, 202 Ill. 2d 393, 402 (2002). The factors a reviewing court will consider when deciding whether to address a moot case under the public interest exception are: (1) the public nature of the question; (2) the likelihood that the question will recur; and (3) the desirability of an authoritative determination for the purpose of guiding public officers. *In re Andera F.*, 208 Ill. 2d at 156. This exception is to be construed narrowly and requires a clear showing of each criterion. *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365 (1999).

With these factors in mind, we choose to address the merits of defendant's appeal. First, the question presented by this appeal is one of a definitive public nature. The liberty interests of every person subject to the application of section 5—8—7 of the Code are potentially at stake. Second, the question has already reoccurred in *People v. Hernandez*, 345 Ill. App. 3d 163 (2004), leading the Second District to a contrary holding, with Justice Hutchinson, writing this time for the majority, adopting the rationale of her *Roberson* dissent. *Hernandez*, 345 Ill. App. 3d at 168-69. As a result, guidance is needed by this court to resolve the conflict and to ensure public officers will consistently apply section 5—8—7 in the future.

Turning to the merits of defendant's argument, he maintains that under the plain and ordinary meaning of section 5—8—7(c) he is entitled to credit for time served on the burglary charge because he was arrested for one charge, *i.e.*, burglary, and prosecuted for another charge, *i.e.*, bond violation, that occurred before his second arrest. The State counters that the appellate court correctly found defendant's first arrest was for burglary, but his second arrest was for failure to appear in court pursuant to section 110—3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—3 (West 2000)) and therefore

section 5—8—7(c) does not apply. In reply, defendant contends that if his second arrest was for failure to appear, then he was plainly entitled to credit under section 5—8—7(b). Defendant raises this argument for the first time in his reply brief to this court and, therefore, the State moved to strike defendant's reply brief and maintains that this argument is waived. The substance of this issue involves an issue of statutory construction subject to *de novo* review. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 279 (2003).

In relevant part, section 110—3 provides:

"Upon failure to comply with any condition of a bail bond *** the court having jurisdiction at the time of such failure may, in addition to any other action provided by law, issue a warrant for the arrest of the person at liberty on bail ***. The contents of such a warrant shall be the same as required for an arrest warrant issued upon complaint. When a defendant is at liberty on bail *** on a felony charge and fails to appear in court as directed, the court shall issue a warrant for the arrest of such person. Such warrant shall be noted with a directive to peace officers to arrest the person and hold such person without bail and to deliver such person before the court for further proceedings." 725 ILCS 5/110—3 (West 2000).

As noted by the parties, the resolution of this case depends upon the proper characterization of defendant's second arrest. The *Hernandez* court dealt with an almost identical situation, characterizing the second arrest as one for the underlying charge. *Hernandez*, 345 Ill. App. 3d at 170.

In *Hernandez*, the defendant was indicted for aggravated criminal sexual abuse (720 ILCS 5/12—16 (West 2000)). He was arrested on that charge and released on bail. After failing to appear, the defendant's bond was revoked and he was later arrested for a second time. As in the case at hand, the warrant authorizing the defendant's second arrest noted the original violation of aggravated criminal sexual abuse. Approximately four

months after the defendant's second arrest, the State dismissed the aggravated criminal sexual abuse charge and charged the defendant with violating his bail bond.

Following the defendant's conviction on that charge, he argued that he was entitled to credit for the 122 days he was incarcerated following his second arrest and prior to being charged with violation of his bond. The trial court denied defendant's motion for sentencing credit. On appeal, the appellate court held that the defendant was entitled to the credit and directed the clerk of the court to enter a modified mittimus reflecting an additional 122 days of credit for time served. *Hernandez*, 345 Ill. App. 3d at 171. The appellate court reasoned as follows:

> "The offense underlying the issuance of the bench warrant to arrest was aggravated criminal sexual abuse. The March 16, 1999, warrant for defendant's arrest was predicated on his failure to appear in court on the sexual abuse charge. The March 16, 1999, warrant did not formally charge defendant with committing a crime; it was merely a procedural tool that the trial court was statutorily required to utilize to effect defendant's return so that he could face prosecution on the sexual abuse charge." *Hernandez*, 345 Ill. App. 3d at 170.

The appellate court further stated that it appeared the State "manipulated" the defendant's liberty when it permitted him to remain in custody for 122 days without bail before charging him with violating his bail bond. *Hernandez*, 345 Ill. App. 3d at 170. According to the appellate court, if the State had charged the defendant for violating his bail bond when he was arrested, there would have been no question that he would have been entitled to the credit for time spent in custody under section 5—8—7(b) of the Code. *Hernandez*, 345 Ill. App. 3d at 170-71. Rather, the State held the defendant in custody for 122 days before dismissing the underlying criminal sexual abuse charge and formally charging him with

violating his bail bond. *Hernandez*, 345 Ill. App. 3d at 171.

Here, if defendant had been charged with failure to appear contemporaneously with the execution of the second arrest warrant, there is no question that he would have received credit under subsection (b) for the time he served while awaiting trial. Instead, he was not charged until approximately eight months later, prompting the trial court to articulate that he was not "in custody" on the violation of the bail bond charge during that time. Therefore, under the trial court's finding, subsection (b) did not apply. According to the trial and appellate courts, subsection (c) did not apply either because the second arrest was solely for failure to appear. Thus, under the lower courts' interpretations, while defendant was arrested for failure to appear, he was not "in custody" for that charge during the eight months he was incarcerated prior to the State electing not to prosecute the burglary charge and finally opting to charge him with the latter offense.

We disagree with the trial court and appellate court's reasoning. Defendant is correct that he was entitled to credit under section 5—8—7(b). Despite the trial court's pronouncement that defendant was not "in custody" on the violation of the bail bond charge until he was formally indicted for that offense, once a defendant is arrested for an offense he or she is clearly "in custody" for that offense even before he or she is formally charged. See *Hernandez*, 345 Ill. App. 3d at 173-74 (Callum, J., specially concurring). In factual situations such as the one found in the present case, the second arrest is for the bail bond violation and, therefore, subsection (b), rather than subsection (c), applies. See *Hernandez*, 345 Ill. App. 3d at 173-74 (Callum, J., specially concurring). Subsection (b) allows "credit *** for time spent in custody as a result of the offense for which the sentence was imposed." 730

ILCS 5/5—8—7(b) (West 2000). Here, defendant was arrested for the bail offense, detained, and ultimately convicted and sentenced on that offense. Accordingly, he was entitled to credit for time served under subsection (b).

We acknowledge, as the State argues, that defendant did not raise subsection (b) in his petition for leave to appeal but, instead, waited until his reply brief to do so. However, a sentence in conflict with a statutory guideline such as subsection (b) is void and may be challenged at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Further, the failure to raise an issue in a petition for leave to appeal does not present a jurisdictional bar but, rather, raises concerns of administrative convenience. *Dineen v. City of Chicago*, 125 Ill. 2d 248, 265 (1988). In this case, defendant has already served his sentence and will not be granted any relief, regardless of how we resolve this appeal. As previously noted, the issue presented in this case is being addressed only to provide guidance under the public interest exception to the mootness doctrine. In this context, concerns of administrative convenience must be set aside in order to address the proper statutory provisions and to provide the most complete and accurate guidance to our public officers.

Because our decision that section 5—8—7(b) controls is dispositive of this appeal, we need not and do not reach the parties' arguments regarding section 5—8—7(c). We further deny the State's argument to strike defendant's reply brief.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court, affirming the circuit court, is reversed. While we cannot grant defendant in this case any relief as he has already completed his prison term and period of mandatory supervised release, in future cases, other

persons in defendant's position should receive credit for time served while awaiting trial.

*Reversed.*