THIRD DIVISION
June 25, 2008

No. 1-06-2947

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
                                      ) Circuit Court of
        Plaintiff-Appellee,           ) Cook County.
                                      )
v.                                    )
                                      )
GREGORY McNULTY,                      ) Honorable
                                      ) Mary Margaret Brosnahan,
        Defendant-Appellant.          ) Judge Presiding.


PRESIDING JUSTICE QUINN delivered the opinion of the court:

Following a bench trial, defendant Gregory McNulty was convicted of possession of a controlled substance and sentenced to an extended term of four years' imprisonment based upon his criminal record. On appeal, defendant does not challenge his conviction, but contends that the trial court erred at sentencing when it failed to advise him that he was eligible for an evaluation by a substance abuse treatment program where the record shows that he suffered from alcoholism and substance abuse.

Because defendant does not contest the sufficiency of the evidence to sustain his conviction, a detailed discussion of the facts of this case is unnecessary. The evidence established that

on February 23, 2006, a police officer observed defendant conduct two separate narcotics transactions, and shortly thereafter, defendant was detained and found to be in constructive possession of a plastic bag containing 12 smaller plastic bags which tested positive for 0.5 gram of cocaine. The trial court found defendant guilty of possession of a controlled substance.

At sentencing, the State noted that defendant had 11 prior felony convictions for drug and burglary offenses and asked the court to sentence him to an extended term of imprisonment in excess of seven years. In mitigation, defense counsel noted that the presentence investigation report (PSI) indicated that defendant suffered from long-term substance abuse issues. In requesting the minimum sentence, counsel explicitly argued:

> "Mr. McNulty has requested that whatever sentence your Honor would give him that consideration be given that he get some substance abuse treatment while he is incarcerated. He very much wants structure and treatment opportunities while he is incarcerated."

In allocution, defendant informed the court that he was 46 years old and had been incarcerated for over half of his life. He then stated:

1-06-2947

> "I have a habit. I used to use drugs a lot.
> And I haven't had no treatment. And I know
> that I am fixing to go to the penitentiary.
> I know that. I know that help is the only
> thing I can ask for your Honor. And I
> appreciate it if you give me the minimum
> sentence and let me get some help."

Counsel further noted that defendant had prepared a *pro se* motion requesting drug treatment, but that counsel explained to defendant that he would address that issue orally in court. Counsel argued that defendant was "serious about seeking treatment at this point."

Information contained in the PSI indicates that prior to his incarceration in this case, defendant consumed 12 cans of beer and a fifth of Hennessy cognac on a daily basis. Defendant stated that his alcohol usage caused problems with his wife and family, that he was never evaluated or treated for alcohol abuse, and that he was in need of treatment. The PSI further indicated that defendant began using marijuana when he was 18 years old, that at the age of 22, he stopped using marijuana and started snorting powder cocaine on a daily basis, and at the age of 29 he began smoking crack cocaine and continued to smoke $50 to $60 worth of crack daily until he was arrested in this case.

1-06-2947

Defendant denied that he was under the influence of alcohol or cocaine at the time of his arrest. Defendant further reported that in 2005, he attended outpatient drug treatment at Gateway for three months, then "just stopped going to treatment."

The trial court stated that it reviewed the information contained in the PSI, and considered the aggravating and mitigating evidence, in addition to defendant's statement in allocution. The court further stated that it would recommend defendant receive treatment in the penitentiary, but advised him that it would be partially his responsibility to ensure that he entered a treatment program when he arrived at the prison. The court then found defendant eligible for an extended-term sentence based upon his extensive criminal background and sentenced him to four years' imprisonment. When advising defendant of his appeal rights, the court admonished him that any issue or claim of error regarding his sentence or any part of the sentencing hearing that was not raised in a written postsentencing motion would not be considered by the appellate court. The court again stated that it was recommending defendant receive drug treatment in prison.

Defense counsel immediately submitted a written motion to reconsider sentence to the court. The motion alleged that the sentence was excessive, that the court improperly considered in aggravation matters that are implicit in the offense, that the

1-06-2947

State failed to prove defendant's eligibility for the extended term, that the sentence improperly penalized defendant for exercising his right to trial, and that the sentence imposed was improper. The trial court denied the motion. The parties agree that records from the Illinois Department of Corrections show that defendant was released from prison on August 20, 2007, and is currently serving a term of mandatory supervised release (MSR) which will end on August 20, 2008.

On appeal, defendant solely contends that the trial court erred when it failed to advise him that he was eligible for an evaluation by a substance abuse treatment program pursuant to the Alcoholism and Other Drug Abuse and Dependency Act (the Act) (20 ILCS 301/1-1 *et seq*. (West 2006)) where the record showed that he suffered from alcoholism and substance abuse. Defendant argues that the trial court had ample reason to believe that he was eligible for and interested in a treatment program, and therefore, it was required to admonish him of his eligibility for Treatment Alternatives for Criminal Justice Clients (TASC). Defendant thus argues that he was denied his right to a substance abuse evaluation and consideration for a treatment program instead of a traditional sentence. He asserts that this court must vacate his sentence and remand this case to the trial court for "further proceedings" under the Act. Defendant acknowledges

that he failed to raise this issue during his sentencing hearing and in his motion to reconsider his sentence, but claims that this court should address the issue under the plain error doctrine because his substantial rights were affected.

The State argues that defendant forfeited review of this issue when he failed to raise it at the sentencing hearing and in his postsentencing motion and that the plain error doctrine does not apply in this case. Alternatively, the State argues that defendant's claim is moot as this court is precluded from granting him effectual relief where he has completed his term of imprisonment, making it impossible for him to now be sentenced to treatment as an alternative to prison.

Defendant replies that the issue is not forfeited as there is no indication in the record that he or his counsel was aware of his "right" to treatment as an alternative to prison, and therefore, the issue must be considered as plain error. Defendant further argues that the issue is not moot as his sentence will not be fully discharged until his term of MSR ends on August 20, 2008.

A sentencing issue is forfeited on appeal where defendant failed to object during the sentencing hearing and failed to raise the issue in a postsentencing motion. People v. Casillas, 195 Ill. 2d 461, 489 (2000). Here, defendant failed to raise the

issue of alternative sentencing to TASC at the sentencing hearing and in his written postsentencing motion. As this issue was never raised before the trial court, defendant has forfeited the issue on appeal.

Furthermore, we reject defendant's contention that the issue he now presents is reviewable under the plain error doctrine. In his opening brief, defendant asserts that the trial court's failure to order a TASC evaluation was subject to plain error review because it affected a substantial right, citing to People v. Wallace, 331 Ill. App. 3d 822, 835 (2002). In the split decision in Wallace, another division of this court made that finding relying on People v. Hamilton, 155 Ill. App. 3d 555, 558 (1987). However, the dissent in Wallace quoted our supreme court's holding in People v. Reed, 177 Ill. 2d 389 (1997), which stated " 'the legislative purpose behind section 5-8-1(c) [of the Unified Code of Corrections (730 ILCS 5/5-8-1(c) (West 1998))] was to require sentencing issues be raised in the trial court in order to preserve those issues for appellate review.' " Wallace, 331 Ill. App. 3d at 840 (Quinn, J., dissenting), quoting Reed, 177 Ill. 2d at 393. The dissent maintained that Wallace forfeited his claim that the trial court erred when it failed to order a TASC evaluation because he had failed to raise the issue in his motion to reconsider his sentence.

1-06-2947

The dissent noted that <u>Hamilton</u> had been decided "six years before the language of section 5-8-1(c) was amended to make a postsentencing motion mandatory and 10 years before the holding in <u>Reed</u>." <u>Wallace</u>, 331 Ill. App. 3d at 840-41 (Quinn, J., dissenting). It further stated that plain error exists only where there has been a breakdown in the adversary system, as opposed to cases where there had been " 'typical trial mistakes.' " <u>Wallace</u>, 331 Ill. App. 3d at 841 (Quinn, J., dissenting), quoting <u>People v. Keene</u>, 169 Ill. 2d 1, 17 (1995). Significantly, the dissent found that Wallace did not want to be sentenced to TASC where the facts showed that the defendant had previously failed to comply with TASC, told defense counsel that he wanted to ask the court about TASC, and counsel then expressly asked the court to impose the minimum prison term. The dissent concluded that the only person who wanted Wallace to be evaluated for TASC was his appellate counsel and that the majority's decision to vacate Wallace's sentence and remand the case for a TASC evaluation not only placed an unnecessary burden on the trial court, but also required that TASC's scarce resources be spent on a defendant who did not want them. <u>Wallace</u>, 331 Ill. App. 3d at 841 (Quinn, J., dissenting).

We find the reasoning in the dissent in <u>Wallace</u> to be persuasive in this case. Similar to Wallace, defendant here

notified trial counsel that he wanted drug treatment, and counsel then explicitly asked the court to impose the minimum prison sentence and give defendant "some substance abuse treatment *while he is incarcerated*." (Emphasis added.) Counsel stated that defendant "very much wants structure and treatment opportunities while he is incarcerated." In allocution, defendant himself asked the court to impose "the minimum sentence and let me get some help." It is significant to note that defendant was arrested in this case in February 2006, and he reported in the PSI that shortly before that in 2005, he attended outpatient drug treatment at Gateway for three months, then "just stopped going to treatment." Although defendant did not specifically refer to TASC, we find that the facts in this case establish that both defendant and defense counsel believed defendant required the "structure" of imprisonment with drug treatment provided to him "while he is incarcerated." Accordingly, we find that plain error does not apply here, and appellate counsel's claim that the trial court erred when it failed to request a TASC evaluation is forfeited.

Forfeiture aside, we also agree with the State's assertion that the issue in this case is moot. When the issues involved in the trial court no longer exist due to intervening events that have rendered it impossible for the appellate court to grant

effectual relief to defendant, the case is moot. People v. Roberson, 212 Ill. 2d 430, 435 (2004). A sentencing challenge is moot where defendant has completed serving his sentence. People v. Campbell, 224 Ill. 2d 80, 83 (2006).

Here, defendant completed serving his term of imprisonment and was released from prison on August 20, 2007. We acknowledge that defendant's term of MSR is considered part of his sentence (People v. Whitney, 368 Ill. App. 3d 678, 681 (2006)), and although he has already completed two-thirds of his MSR, his term does not end for a few months, and thus, his sentence will not be fully discharged until August 20, 2008. However, the only relief available for us to grant, and the relief requested by appellate counsel, is to vacate defendant's sentence and remand this case to the trial court for further proceedings under the Act. Such proceedings would consist of a resentencing hearing at which time the trial court would consider whether a TASC evaluation should be ordered and whether defendant should be sentenced to probation with drug treatment in lieu of a term of imprisonment. People v. Brown, 267 Ill. App. 3d 482, 484 (1994). Obviously, it is impossible to sentence defendant to probation with drug treatment in lieu of imprisonment where he has already completed his term of incarceration. Accordingly, as it is impossible for this court to grant defendant any effectual relief, the case is moot.

1-06-2947

See <u>People v. Porm</u>, 365 Ill. App. 3d 791, 794-95 (2006) (where defendant had discharged his prison term and only the period of MSR remained, it was impossible for the appellate court to grant an equitable solution, and thus, his sentencing claim challenging the term of MSR was moot).

Based on our finding that the sole issue raised by defendant has been forfeited, and alternatively, is moot, we dismiss this appeal.

Appeal dismissed.

THEIS and CUNNINGHAM, JJ., concur.