# Illinois Official Reports

## Appellate Court

---

### *People v. Funches*, 2019 IL App (3d) 160644

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMARIOL D. FUNCHES, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0644 |
| Filed | March 19, 2019 |
| Decision Under Review | Appeal from the Circuit Court of McDonough County, No. 15-CF-11; the Hon. Richard H. Gambrell, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Matthew Lemke, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Matt Kwacala, State's Attorney, of Macomb (Patrick Delfino, David J. Robinson, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Presiding Justice Schmidt and Justice O'Brien concurred in the judgment and opinion.<br>Presiding Justice Schmidt also specially concurred, with opinion. |

**OPINION**

¶ 1        Defendant, Jamariol D. Funches, appeals from his conviction and sentence. Defendant contends that he is entitled to additional presentence custody credit. We dismiss the appeal as moot.

¶ 2                                      I. BACKGROUND

¶ 3        Defendant pled guilty to the offense of driving while driver's license is suspended (625 ILCS 5/6-303(d) (West 2014)). Pursuant to the plea agreement, defendant was placed on a term of 18 months of probation and ordered to serve 148 days in the county jail as a condition of probation.

¶ 4        On January 21, 2016, defendant admitted to the allegations contained in the State's amended petition, alleging defendant violated the terms of his probation. On April 12, 2016, the trial court revoked defendant's probation and sentenced him to two years' imprisonment and one year of mandatory supervised release (MSR). The court credited defendant with presentence custody credit. Defendant filed a motion to withdraw his guilty plea and a motion to reduce his sentence. On September 20, 2016, the trial court denied both motions. Defendant filed a notice of appeal on October 13, 2016.

¶ 5        Prior to filing his opening brief in this appeal, defendant's appellate counsel received eight extensions of time to file his brief. On June 29, 2018, defendant filed his opening brief. After the parties submitted their briefs, this court entered a minute order directing the parties to file a stipulation as to defendant's current incarceration and MSR status. The parties filed a stipulation, which revealed that defendant was released from physical custody of the Illinois Department of Corrections on January 23, 2017. Defendant, however, remained on MSR until March 29, 2018, at which time he was completely discharged from his sentence. In other words, at the time defendant filed his opening brief on appeal, he was completely discharged from his sentence.

¶ 6                                      II. ANALYSIS

¶ 7        On appeal, defendant contends he is entitled to additional presentence custody credit. The State concedes that the trial court failed to correctly credit defendant with the entire time he spent in presentence custody. However, in spite of the State's concession of error, the State points out that defendant has now completed the term of imprisonment and MSR imposed by the court. Consequently, the State contends defendant's challenge is moot and our court should not correct the conceded error.

¶ 8        A challenge against a defendant's sentence is moot "where defendant has completed serving his sentence." *People v. McNulty*, 383 Ill. App. 3d 553, 558 (2008). In other words, when a defendant has completed his term of incarceration and MSR, a reviewing court is unable to render any sort of effectual relief. *People v. Roberson*, 212 Ill. 2d 430, 435 (2004). Here, the parties' stipulation reveals that defendant completed his MSR before he filed his opening brief on appeal. This appeal is moot because no effectual relief can be granted on the issue raised by defendant in this appeal.

¶ 9 Recently, in *People v. Cisco*, 2019 IL App (4th) 160515, the Fourth District discussed the options to encourage less delay in similar appeals, including more judicial oversight. The observations made by the special concurrence in *Cisco* are also shared by this court.

¶ 10 Here, the record reveals that defendant was incarcerated at the time he filed his 2016 notice of appeal. Therefore, the issues raised on appeal were not moot at the time the notice of appeal was filed. However, despite the State's confession of error, we cannot grant relief to defendant because defendant served the entirety of his sentence before the brief was filed by defendant's counsel, rendering the otherwise meritorious issue moot.

¶ 11                                    III. CONCLUSION

¶ 12 For the foregoing reasons, the appeal is dismissed.

¶ 13 Appeal dismissed.

¶ 14 PRESIDING JUSTICE SCHMIDT, specially concurring:

¶ 15 While I concur and also agree with the comments by the *Cisco* court, I write separately to point out that I believe the appellate court is powerless to remedy the situation. We have no authority to micromanage (or even "macromanage") the Office of the State Appellate Defender (OSAD). It would seem to create an obvious conflict to give a court supervisory authority over the offices of attorneys that appear before it. What are we going to do? Fine or jail OSAD attorneys for contempt when they file briefs late? This hardly seems like a realistic solution.