NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180750-U

NO. 4-18-0750

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 5, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BRAD LIEBERMAN, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| GLENN JACKSON, | ) | No. 17MR1076 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court dismissed the appeal as moot because it was impossible to grant effectual relief.

¶ 2   Plaintiff, Brad Lieberman—who is currently committed to the custody of the Illinois Department of Human Services (DHS) pursuant to the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq*. (West 1998))—appeals from the trial court's order dismissing his petition for *mandamus* relief against defendant, Glenn Jackson, the Chief Records Officer of the Illinois Department of Corrections (DOC), as moot. For the following reasons, we dismiss plaintiff's appeal as moot.

¶ 3   I. BACKGROUND

¶ 4   A. Events Preceding the *Mandamus* Petition

¶ 5                                    1. *Cook County Case No. 80-CR-208*

¶ 6            In 1980, plaintiff was convicted of multiple counts of rape and sentenced to 50 years' imprisonment. Plaintiff was resentenced in January 1983 to 40 years' imprisonment, but he was not credited for the time he had spent in custody since imposition of the original sentence. See *People v. Lieberman*, 107 Ill. App. 3d 949, 959-60, 438 N.E.2d 516, 524 (1982) (vacating plaintiff's sentence and remanding for resentencing where no basis existed for the imposition of an extended-term sentence). Although the record is unclear as to the exact dates, the parties agree that plaintiff completed (1) his prison sentence in January 2000 and (2) his three-year term of mandatory supervised release (MSR) in January 2003. On January 27, 2003, the trial court entered an order crediting plaintiff with 1004 days spent in custody prior to being resentenced. However, because plaintiff had completed his prison sentence and MSR by that point, DOC never amended its records to reflect the court's order.

¶ 7                                    2. *Proceedings Under the Act*

¶ 8            On January 6, 2000, the State filed a petition pursuant to the Act (725 ILCS 207/1 *et seq.* (West 1998)), seeking to have plaintiff adjudicated a sexually violent person and committed to the custody of DHS. A jury subsequently found plaintiff to be a sexually violent person, and the trial court ordered him committed to a secure facility. Plaintiff remains in DHS custody as of this appeal.

¶ 9                                    B. The *Mandamus* Petition

¶ 10           In December 2017, plaintiff initiated the instant *mandamus* action by filing a petition requesting the trial court to compel defendant to amend DOC's records to reflect the proper amount of sentencing credit in case No. 80-CR-208. Defendant filed a motion to dismiss plaintiff's petition pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619

- 2 -

(West 2016)). Defendant did not dispute that the sentencing credit was never applied but instead argued the issue was moot because plaintiff completed his prison sentence in 2000 and completed MSR in 2003. The trial court agreed and granted defendant's motion to dismiss plaintiff's *mandamus* action as moot.

¶ 11　　　　This appeal followed.

¶ 12　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　　Plaintiff argues the trial court erred in granting defendant's motion to dismiss his *mandamus* action as moot. We review *de novo* the trial court's decision to grant a section 2-619 motion to dismiss. See, *e.g.*, *Hanna v. City of Chicago*, 382 Ill. App. 3d 672, 676, 887 N.E.2d 856, 860 (2008).

¶ 14　　　　Appellate jurisdiction requires an actual controversy, and courts of review generally will not hear abstract, hypothetical, or moot issues. *In re Andrea F.*, 208 Ill. 2d 148, 156, 802 N.E.2d 782, 787 (2003). "An issue is moot if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief." *Dixon v. Chicago and North Western Transportation Co.*, 151 Ill. 2d 108, 116, 601 N.E.2d 704, 708 (1992). "It is generally held that where the only relief sought is to set aside a sentence, the question of the validity of its imposition becomes moot when the sentence has been served." (Internal quotation marks omitted.) *In re Jabari C.*, 2011 IL App (4th) 100295, ¶ 19, 962 N.E.2d 8.

¶ 15　　　　Here, plaintiff seeks 1004 days of sentencing credit in case No. 80-CR-208. However, the parties agree that plaintiff completed his prison sentence in that case in 2000 and completed MSR in 2003. Therefore, it is impossible for this court to grant the relief plaintiff seeks and we find the appeal is moot. See *People v. Roberson*, 212 Ill. 2d 430, 435, 819 N.E.2d 761, 764 (2004) ("[W]e are unable to render any sort of effectual relief to defendant because he

- 3 -

has served his sentence and completed his mandatory supervised release.”); *In re Darius L.*, 2012 IL App (4th) 120035, ¶ 20, 976 N.E.2d 1109 (“As respondent solely challenges his sentencing credit and has completed his Department sentence, this appeal is moot.”).

¶ 16    Nonetheless, plaintiff argues we may address the merits of his *mandamus* petition under the “collateral consequences exception” to the mootness doctrine. “The collateral consequences exception to mootness allows for appellate review, even though *** incarceration has ceased, because a plaintiff has suffered, or is threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.” (Internal quotation marks omitted.) *In re Alfred H.H.*, 233 Ill. 2d 345, 361, 910 N.E.2d 74, 83 (2009) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The exception’s application is “decided on a case-by-case basis.” *Id.* at 362.

¶ 17    Here, plaintiff appears to argue that had he originally been properly credited with the 1004 days of actual time served, he would not have been committed under the Act because “his release date would have pre-dated the effective date” of the Act, namely, January 1, 1998. See 725 ILCS 207/99 (West 1998). We find plaintiff’s assertion, even if correct, is insufficient to demonstrate the collateral consequences exception is applicable to this case, as explained below.

¶ 18    Even assuming plaintiff’s commitment is traceable to defendant’s failure to amend its records to reflect the proper amount of sentencing credit, plaintiff has failed to demonstrate how this injury is likely to be redressed by a favorable judicial decision. A favorable decision would credit 1004 days to plaintiff’s sentence in case No. 80-CR-208, thereby giving him a constructive release date prior to the Act’s effective date. However, this does not mean that he would have escaped the Act’s jurisdiction. Under the Act, the State must file a petition alleging that a person is sexually violent “before the date of the release or discharge of the person

- 4 -

*or within 30 days of placement onto \*\*\* mandatory supervised release \*\*\**." (Emphasis added.)
725 ILCS 207/15(a)(1) (West 1998). Here, the parties agree that plaintiff was placed on MSR in
January 2000, two years after the Act became effective and the same month the State initiated
proceedings under the Act. Importantly, this January 2000 MSR date remains the same
regardless of whether plaintiff is credited with 1004 days because a person is placed on MSR
when they are actually released from prison, not on some fictitious or constructive earlier date.
See *U.S. v. Johnson*, 529 U.S. 53, 55-60 (2000) (holding MSR under federal statute begins on the
date of actual release from incarceration, not on "some fictitious or constructive earlier" date due
to a mistaken interpretation of law). In other words, even if we assume plaintiff is correct that the
trial court's dismissal was improper, and even if the trial court were to ultimately grant him the
*mandamus* relief he has requested—that DOC be ordered to amend its records to reflect the
proper amount of sentencing credit—it would not, and could not, change the date plaintiff
actually entered on MSR. Thus, we find the collateral consequences exception does not apply.

¶ 19                                III. CONCLUSION

¶ 20           For the reasons stated, we dismiss the appeal as moot.

¶ 21           Appeal dismissed.