NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190305-U

NO. 4-19-0305

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 15, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| HENRY ERIC McNEIL, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| JOHN BALDWIN, in His Official Capacity as the Acting | ) | No. 18MR798 |
| Director of the Illinois Department of Corrections; and | ) | |
| CRAIG FINDLEY, in His Official Capacity as Chairman | ) | Honorable |
| of the Illinois Prisoner Review Board, | ) | Rudolph M. Braud Jr., |
|     Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court held plaintiff's request for *mandamus* relief is moot. Plaintiff completed his term of mandatory supervised release (MSR) and the Illinois Department of Corrections (DOC) discharged him from its custody.

¶ 2    Plaintiff, Henry Eric McNeil, appeals the trial court's order dismissing his petition seeking *mandamus* relief against defendants, John Baldwin, in his official capacity as the Acting Director of the Illinois Department of Corrections and Craig Findley, in his official capacity as Chairman of the Prisoner Review Board (Board). For the following reasons, we dismiss plaintiff's appeal as moot.

¶ 3                        I. BACKGROUND

¶ 4    On November 6, 2015, the trial court sentenced defendant to a term of one year imprisonment and four years' MSR for domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2014)).

On January 15, 2016, plaintiff completed his term of imprisonment and began serving his MSR term.

¶ 5        On October 1, 2016, DOC issued a parole violation report, stating plaintiff received positive drug screens on February 2, 2016, and June 18, 2016, and "fled the day reporting center after testing positive for THC and PCP" on August 31, 2016. Plaintiff's whereabouts remained unknown until he was arrested in Arizona on October 21, 2016.

¶ 6        In January, March, and June 2017, the Board entered a series of orders and found plaintiff in violation of certain conditions of his MSR on February 2, 2016, and August 31, 2016. The Board ultimately continued plaintiff's MSR. Plaintiff received day-for-day good-conduct credit while serving his MSR term in confinement and completed his MSR term at Lawrence Correctional Center because he did not have an approved host site. On October 13, 2018, DOC discharged plaintiff from its custody.

¶ 7        On October 15, 2018, plaintiff, *pro se*, filed a petition seeking *mandamus* relief, alleging defendants improperly denied him additional earned good-conduct credit for time spent on MSR and electronic home monitoring. Plaintiff argued defendants incorrectly calculated his remaining sentence based on the February 2016 violation date—stating that violation led only to a "verbal warning"—instead of the August 2016 violation date. "As a result of defendants and their agents['] actions," by refusing to apply the additional sentencing credit, plaintiff asserted he would suffer "irreparable damages and be subjected to spending 0 to 4¼ months extra time incarcerated."

¶ 8        On February 1, 2019, defendants filed a motion to dismiss plaintiff's petition pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)) and a memorandum in support of the motion. Defendants argued the petition was moot and should be

dismissed as plaintiff had been discharged and "there is no sentence remaining to which additional credits can be applied."

¶ 9　　　　On February 21, 2019, the trial court entered a written order granting defendants' motion to dismiss stating, "The claim is moot pursuant to 735 ILCS 5/2-619, as Plaintiff has been fully discharged from the custody of [DOC]."

¶ 10　　　　On March 15, 2019, plaintiff filed a motion to reconsider the trial court's dismissal of his *mandamus* petition, which the court denied.

¶ 11　　　　This appeal followed.

¶ 12　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　　On appeal, plaintiff claims the trial court erred in dismissing his *mandamus* petition in which he requested 259 days of additional sentencing credit. In his *mandamus* petition, plaintiff claimed he was entitled to having his projected discharge date changed from October 13, 2018, to June 4, 2018. Defendants argue this appeal is moot because both dates have long since passed and plaintiff has failed to argue any exception to the mootness doctrine applies. According to defendants, plaintiff's appeal should be dismissed because "it is undisputed that [plaintiff] completed his entire sentence."

¶ 14　　　　Appellate jurisdiction requires an actual controversy. Reviewing courts will generally not hear abstract, hypothetical, or moot questions. *In re Andrea F.*, 208 Ill. 2d 148, 156, 802 N.E.2d 782, 787 (2003). "A case is moot if the issues involved in the trial court have ceased to exist because intervening events have made it impossible for the reviewing court to grant effectual relief to the complaining party." *People v. Roberson*, 212 Ill. 2d 430, 435, 819 N.E.2d 761, 764 (2004). Thus, a claim for additional sentence credit is moot when a defendant has completed serving his sentence. *Id.*

¶ 15 A reviewing court may examine an otherwise moot issue when " 'the magnitude or immediacy of the interests involved warrant[s] action by the court.' " *People v. Jackson*, 231 Ill. 2d 223, 227-28, 897 N.E.2d 752, 755 (2008) (quoting *People ex rel. Black v. Dukes*, 96 Ill. 2d 273, 277, 449 N.E.2d 856, 858 (1983)). The public interest exception to the mootness doctrine requires (1) the existence of a question of public importance, (2) the desirability of an authoritative determination for the purpose of guiding public officers in the performance of their duties, and (3) the likelihood that the question will recur. *Andrea F.*, 208 Ill. 2d at 156. This exception is construed narrowly and requires a clear showing of each element before it may be applied. *Roberson*, 212 Ill. 2d at 436.

¶ 16 Here, there is no question plaintiff completed his term of imprisonment on January 15, 2016, and completed MSR on October 13, 2018. Thus, it is impossible to provide plaintiff his requested relief as he has completed serving his entire sentence. As stated, plaintiff fails to argue any exception to the mootness doctrine applies, and given the law as set forth above, no public interest is served by addressing the merits of the petition. Because no effectual relief can be granted, we conclude this appeal is moot.

¶ 17 III. CONCLUSION

¶ 18 For the reasons stated, we dismiss this appeal as moot.

¶ 19 Dismissed.