NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190177-U

NO. 4-19-0177

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 1, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| VICTOR PEREZ, | ) | No. 16CF1 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to withdraw and affirmed the trial court's judgment where no meritorious issues could be raised on appeal.

¶ 2    This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal because no meritorious issues can be raised in this case. Specifically, OSAD asserts it can make no meritorious argument that the trial court (1) failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) or (2) abused its discretion in sentencing defendant to 2½ years' imprisonment. For the following reasons, we grant OSAD's motion and affirm the trial court's judgment.

¶ 3                              I. BACKGROUND

¶ 4    In January 2016, the State charged defendant, Victor Perez, with two counts of aggravated driving under the influence of alcohol (aggravated DUI) and one count of driving

with a suspended license following an early morning traffic stop.  Defendant knowingly and voluntarily waived his right to a jury trial.  In November 2016, defendant pleaded guilty to the two Class 4 felony aggravated DUI charges, the Class A misdemeanor driving with a suspended license charges, and various traffic offenses.  The trial court admonished defendant about the charges he faced, his right to trial, and the applicable sentencing ranges.  The State provided the following factual basis for the charges:

> "On January 1st of 2016, this [d]efendant was pulled over for numerous traffic infractions including driving in the wrong lane, not having his lights on, running over the curb.  He was pulled over and found to have the odor of alcohol on him.  He admitted he had had one beer.  He submitted to standard field sobriety testing[,] which showed obvious impairment as well as clues on each test, the HGN, one-leg stand, walk and turn."

The State indicated defendant submitted to a breath test "with the result of [0].83 [*sic*]."  The statement of arrest indicated a preliminary breath test result of 0.228 and a later evidentiary breath test result of 0.183.  The court found defendant's guilty plea was knowing and voluntary and found him guilty of all the charges.

¶ 5        The presentence investigation report (PSI) indicated defendant had the following felony convictions: (1) a 1987 burglary, (2) two 1991 burglaries, (3) a 1996 possession of cannabis, (4) a 1998 attempted murder, and (5) a 2015 driving with a suspended license.  Defendant was sentenced to 15 years' imprisonment on the 1998 attempted murder charge, was released from prison in 2011, and successfully completed 3 years of parole.  At sentencing, the State recommended a sentence of 2½ years' imprisonment.  Defense counsel argued defendant

caused no serious harm, it was defendant's first DUI offense, and although defendant had a criminal history, there was a significant gap from the time he was released from prison in 2011 and the instant offense.

¶ 6        In allocution, defendant stated he had no run-ins with the law since his release from prison in 2011. Defendant acknowledged his DUI was "a huge mistake" and accepted responsibility for his actions. Defendant indicated he wished to return to work and "go back to being a productive citizen" who paid his taxes.

¶ 7        The trial court noted the offense was serious and defendant was highly intoxicated. However, the court also acknowledged defendant did not cause serious harm. The court further considered deterrence as a factor. Finally, the court acknowledged defendant's criminal history but did not consider it in aggravation because defendant "made significant efforts in becoming a productive member of society since [he was] released from the Department of Corrections." The court sentenced defendant to 24 months' probation and 180 days in Livingston County jail with credit for 58 days in custody and a stay on the remaining term.

¶ 8        In May 2017, the State filed a petition to revoke probation, alleging defendant failed to report to his probation officer on three occasions and his current whereabouts were unknown. In August 2017, the trial court held a hearing on the petition to revoke probation, and defendant admitted the allegations. The court admonished defendant about the applicable range of penalties he faced and the rights he was giving up by admitting the probation violations. The court found defendant knowingly and voluntarily admitted the probation violations.

¶ 9        In October 2017, the trial court held a sentencing hearing where the State asked for a term of 2½ years' imprisonment. Defense counsel asked for a new term of probation because defendant had not committed a new offense and a term of imprisonment would not

allow defendant to get treatment for his substance abuse issue. The court ordered defendant to remain on probation until April 2019 and informed defendant he needed to report to the probation office.

¶ 10         Approximately three weeks after sentencing, the trial court held a compliance review hearing. Defendant's probation officer reported defendant was "off to an okay start." Defendant reported to the probation office as directed but admitted to smoking cannabis. At a December 2017 compliance review hearing, the probation officer reported defendant missed an appointment on November 30, 2017, without calling and his telephone appeared to be disconnected. The probation officer further reported receiving confirmation from the lab regarding defendant's use of cannabis.

¶ 11         In January 2018, the trial court held another compliance review hearing where the probation officer indicated he met with defendant after the prior court hearing. Defendant was positive for cannabis and alcohol and admitted to using both substances. According to the probation officer, defendant failed to attend his last two office visits and had not set up a substance abuse evaluation. The State indicated it would file another petition to revoke probation.

¶ 12         The State filed a second petition to revoke probation, alleging defendant (1) failed to appear for three scheduled probation appointments, (2) consumed alcohol, (3) tested positive for cannabis on three occasions, and (4) failed to obtain a substance abuse evaluation. In October 2018, defendant admitted the allegations in the petition to revoke probation. The court admonished defendant regarding the rights he was giving up by admitting the probation violations and the applicable range of penalties he faced. Specifically, the court admonished defendant he could deny the violations, make the State prove the violations by a preponderance

- 4 -

of the evidence, confront and cross-examine witnesses, and present evidence on his behalf. The court determined defendant's admission was not the result of coercion or promises. The court found defendant knowingly and voluntarily admitted the probation violations. Defendant agreed the court could consider the petition to revoke, signed by the supervising officer, as the factual basis. Additionally, defendant signed a document acknowledging he had been given all the Rule 402A admonishments and his admission was knowing and voluntary.

¶ 13 In December 2018, the trial court held a sentencing hearing. A new PSI indicated "defendant stated he purposefully missed all of his probation appointments. He repeatedly stated he did not want to be on probation and would not participate if given another chance at a term of probation." As evidence in mitigation, defendant offered a letter from his employer indicating he was employed full time and was dependable. Defendant also provided the court with a copy of defendant's completed alcohol and drug evaluation. The State again asked for a term of 2½ years' imprisonment. Defense counsel asked the court to terminate defendant's probation unsuccessfully.

¶ 14 The trial court acknowledged defendant had made positive changes in his life since his release from prison in 2011. The court noted defendant's DUI involved a threat of harm to the community and defendant failed to take steps to change his behavior. Defendant continued to drink while on probation, failed to engage in recommended substance abuse treatment, and failed to report to the probation office. The court found that a continued sentence of probation or simply terminating probation would deprecate the seriousness of the offense. Accordingly, the court sentenced defendant to a term of 2½ years' imprisonment, which, given defendant's credit for 105 days in custody and other good-time credit he might be eligible for,

would result in 6 to 12 months in prison, followed by one year of mandatory supervised release (MSR).

¶ 15 Defense counsel filed a motion to reconsider defendant's sentence and a Rule 604(d) certificate (Ill. S. Ct. R. 604(d) (eff. July 1, 2017)).  After a hearing on the motion to reconsider, the trial court denied the motion.  The court acknowledged the mitigating factors but pointed out the aggravating factors included the serious nature of the offense and deterrence. The court clarified defendant was sentenced for aggravated DUI and defendant's conduct while on probation was a relevant factor in the court's determination that he was unlikely to succeed on probation.  The court noted the sentence was within the statutory range and found the aggravating factors outweighed the mitigating factors.  Accordingly, the court denied the motion to reconsider sentence.

¶ 16 This appeal followed.

¶ 17       II. ANALYSIS

¶ 18 On appeal, OSAD seeks to withdraw as counsel, asserting it can make no meritorious argument that the trial court (1) failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) or (2) abused its discretion in sentencing defendant to 2½ years' imprisonment.  For the following reasons, we agree and allow OSAD's motion to withdraw.

¶ 19       A. Rule 402A

¶ 20 Whether the trial court substantially complied with Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003) admonishments is a question of law we review *de novo*.  *People v. Ellis*, 375 Ill. App. 3d 1041, 1046, 874 N.E.2d 980, 983 (2007).  As pronounced by our supreme court in *People v. Hall*, 198 Ill. 2d 173, 181, 760 N.E.2d 971, 975 (2001), and later codified in

Rule 402A(a), the trial court must ensure a defendant who seeks to admit a petition to revoke probation understands the following:

"(1) the specific allegations in the petition to revoke probations, conditional discharge[,] or supervision;

(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge[,] or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge[,] or supervision." Ill. S. Ct. R. 402A(a)(1)-(6) (eff. Nov. 1, 2003). The court must further ensure the admission is knowing and voluntary, not the product of coercion or promise, and supported by a sufficient factual basis. Ill. S. Ct. R. 402A(b), (c) (eff. Nov. 1, 2003).

¶ 21 At the hearing on the second petition to revoke probation, the court admonished defendant regarding the rights he was giving up by admitting the probation violations and the applicable range of penalties he faced. Specifically, the court admonished defendant about his rights to deny the violation, make the State prove the violations by a preponderance of the evidence, confront and cross-examine witnesses, and present evidence on his behalf. The court determined defendant's admission was not the result of coercion or promises. The court found defendant knowingly and voluntarily admitted the probation violations. Defendant agreed the court could consider the petition to revoke, signed by the supervising officer, as the factual basis. Additionally, defendant signed a document acknowledging he had been given all the Rule 402A admonishments and his admission was knowing and voluntary.

¶ 22 Our review of the record shows the trial court substantially complied with Rule 402A and ensured defendant understood (1) the specific allegations in the petition to revoke and (2) his right to a hearing with defense counsel where he could confront and cross-examine adverse witnesses, present evidence on his behalf, and where the State had to prove the allegations by a preponderance of the evidence. The court ensured defendant understood his admission would waive those rights and the applicable penalties for his underlying charges. Finally, the court ensured there was a factual basis for the allegations and determined

defendant's admission was knowing and voluntary. Accordingly, we agree with OSAD that no meritorious argument can be made that the court failed to substantially comply with Rule 402A.

¶ 23                                           B. Sentence

¶ 24        OSAD next asserts no meritorious argument can be made challenging defendant's sentence because the issues raised in his motion to reconsider sentence are moot following his successful discharge from MSR and his completed sentence.

¶ 25        "A sentencing challenge is moot where defendant has completed serving his sentence." *People v. McNulty*, 383 Ill. App. 3d 553, 558, 892 N.E.2d 73, 77 (2008). "In other words, when a defendant has completed his term of incarceration and MSR, a reviewing court is unable to render any sort of effectual relief." *People v. Funches*, 2019 IL App (3d) 160644, ¶ 8, 129 N.E.3d 582.

¶ 26        On December 24, 2018, the trial court sentenced defendant to a term of 2½ years' imprisonment with credit for 105 days in custody, followed by one year of MSR. OSAD asserts that, with 50% good-time credit, defendant was released from prison on November 6, 2019, and his sentence was completely discharged on November 6, 2020. We have reviewed the website of the Illinois Department of Corrections, which no longer shows defendant in its custody, and thus, we may judicially note he has been discharged from MSR. See *People v. McKinney*, 399 Ill. App. 3d 77, 79, 927 N.E.2d 116, 117 (2010) (finding the reviewing court can take judicial notice of the Illinois Department of Corrections's website).

¶ 27        We conclude no meritorious issue challenging defendant's sentence can be raised where defendant has completed his entire sentence following his successful discharge from MSR. Accordingly, we allow OSAD's motion to withdraw and affirm the judgment of the trial court.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.